IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:17-CR-5-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | O R D E R |
| SANJAY KUMAR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court May 18, 2017 for a hearing on the competency of Defendant Sanjay Kumar ("Defendant") to determine whether Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, in accordance with 18 U.S.C. §§ 4142 and 4247(d). At the hearing the government was represented by Assistant United States Attorney Scott Lemmon and Defendant, who was present in the courtroom, was represented by Bradley Bannon and Howard Kurtz. The court advised Defendant of his rights under 18 U.S.C. § 4247(d), which Defendant indicated he understood, and Defendant indicated further he was prepared to go forward with his case today.

The government argued the findings contained in the Forensic Evaluation dated April 7, 2017, and filed April 12, 2017, which was prepared by Dawn Graney, Psy.D., Forensic Psychologist of the Federal Medical Center of Butner, North Carolina, pursuant to an order entered February 7, 2017. According to the Forensic Evaluation, although Defendant suffers from obsessive compulsive personality disorder and adjustment disorder, these conditions do not render Defendant mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense. The government offered no further evidence. Defendant did not contest the findings of the Forensic

Evaluation offered by the government or present any evidence.

After consideration of the position of the parties and the findings contained in the Forensic Evaluation, the court does not find by a preponderance of the evidence, pursuant to 18 U.S.C. § 4141(d), that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

A finding that Defendant is mentally competent to stand trial shall not prejudice him in raising the issue of his insanity as a defense to the offense charged, and shall not be admissible as evidence at trial for the offense charged. 18 U.S.C. § 4241(f).

So ordered, the 18th day of May 2017.

Robert B. Jones, Jr.
United States Magistrate Judge