UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:17-CR-5-1FL(3)

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| SANJAY KUMAR | ) |

**SECOND REVISED CONSENSUAL RESTRAINING ORDER**

This matter is before this Court on the joint motion of the United States of America and defendant for entry of a Second Revised Consensual Restraining Order pursuant to 21 U.S.C. § 853(e)(1)(A), which provides courts with jurisdiction to enter restraining orders and take such other action in connection with any property or other interests subject to forfeiture to ensure availability for forfeiture during the pendency of criminal proceedings.

It appearing to the Court that the parties agree that in the event of conviction a significant amount of the assets of Sanjay Kumar may be subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(a)(1), being either directly forfeitable under the applicable statutes or substitute assets under 21 U.S.C. § 853(p) or 18 U.S.C. § 1345, and it further appearing that assets are needed by the defendant both for legal fees and expenses of maintaining real property, and that the

parties agree to the entry of this Order as an appropriate accommodation of both the Government's and defendant's interests, it is, therefore:

ORDERED AND DECREED:

That effective immediately, SANJAY KUMAR, his respective agents, servants, employees, attorneys, family members, and those persons in active concert or participation with him, and any person or entity who has received or is holding personal property for him (hereafter collectively, "the parties"), including but not limited to MassMutual Insurance Company, be and are hereby

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability, or value of the property listed below, including, but not limited to, spending, selling, transferring, assigning, encumbering, or otherwise attempting or completing any action that would affect or diminish the marketability or value of such personal or real property, assets, or interests, including the following:

1. The real property listed in the Indictment filed on January 12, 2017 [DE 16];
2. All funds in the MassMutual Individual Qualified Defined Benefit Plan #ODY15321681, provided that the defendant

shall be allowed to withdraw $200,000 of said funds; and

3. All cash, vehicles, and other assets in the possession of the Government pursuant to search or seizure warrants; and

IT IS FURTHER ORDERED that Massachusetts Mutual Life Insurance Company is to withdraw $200,000.00 from the Annuity Contract #ODY15321681 and transfer it to the IOLTA trust account of Attorney Deborrah L. Newton.

IT IS FURTHER ORDERED that, in the event that the parties, or any third party holding or controlling such property for the defendant, desire to transfer, convey, liquidate, or encumber any such property, and, if the United States consents to such transfer, the transfer may be made upon condition that all sale proceeds shall be placed in escrow in an account approved by counsel for the United States. In the event that forfeiture is ultimately ordered, any funds received from the sale of the actual property forfeited shall be substituted for the actual property, and such funds shall also be available to satisfy an order forfeiting substitute assets pursuant to 21 U.S.C. § 853(p).

IT IS FURTHER ORDERED that, if any of the above-described property has been transferred or disposed of by any means (except for property seized by, or transferred or relinquished to the United States), the parties, or any person involved in the transfer or disposition of such property for or on behalf of the parties, shall account to the Court and the United States for the

disposition and location of the property. Further, this Restraining Order applies with equal force and effect to restrain the transfer or disposition of the proceeds from said property.

IT IS FURTHER ORDERED that any financial institutions holding any accounts subject to this Order shall take no offsets against such accounts. They shall continue to credit any deposits, interest, dividends, or other credits to such accounts in the normal course of business, and such deposits, interest, dividends, and other credits shall be subject to this Order. In addition, upon receiving notice of this Order, each financial institution shall promptly inform the Government as to the account balances at the time of notice, and shall thereafter supplement such information by reporting to the government any changes on the accounts, and by responding promptly to requests by the government for information on the account's current status and records. Any financial institution having a lien on any property listed in this Order shall likewise provide to the United States Attorney's Office information regarding payments and the balance on loans secured by property listed in this Order.

IT IS FURTHER ORDERED that the United States or subjects of this Order may seek modifications of this Order if deemed necessary by them to preserve their interest in the subject property.

IT IS FURTHER ORDERED that the terms of this Second Revised Consensual Restraining Order shall remain in full force and effect

for the duration of the criminal proceedings, unless modified by order of the Court.

SO ORDERED this __29th__ day of March, 2018.

                                                   LOUISE W. FLANAGAN
                                                  UNITED STATES DISTRICT JUDGE