IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CR-00005-FL

**United States of America**,

v.

**Sanjay Kumar**,

Defendant.

**Order &
Memorandum & Recommendation**

In May 2018, the district court referred a series of motion to me for resolution. After conducting a hearing, for the reasons stated on the record by counsel and the court, I deny the following motions:

1. Motion to Require Notice of Intention to Use Other Crimes, Wrongs, or Acts Evidence (D.E. 97).

2. Motion for Disclosure and Production of Brady Material (D.E. 98).

3. Motion to Compel Disclosure of Confidential Informants (D.E. 99).

4. Motion for Disclosure of Officers' Rough Notes and Recordings (D.E. 100).

5. Motion for Discovery and Inspection and to Require the Government to Disclose All Exculpatory Evidence (D.E. 101).

6. Motion Pursuant to 18 U.S.C. § 3504 for Disclosure of Electronic or Other Surveillance and for Establishing Evidence Under 18 U.S.C. §2518(8)(d), (9), and (10) (D.E. 102).

7. Motion for Further Discovery Available to the Government Not Yet Disclosed (D.E. 103).

8. Motion to Compel Discovery (D.E. 104).

9. Motion to Return Property (D.E. 114).

I have taken the Motion for a Bill of Particulars (D.E. 113) under advisement.

And based upon Defense counsel's representation that Kumar is not pursuing a claim of a violation of a Fourth Amendment at this time, I recommend that the district court deny the Motion to Suppress (D.E. 120) as moot.

The Clerk of Court shall serve a copy of this Memorandum and Recommendation on each of the parties or, if represented, their counsel. Each party shall have until 14 days after service of the Memorandum and Recommendation on the party to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Dated: June 14, 2018

_____
Robert T. Numbers, II
United States Magistrate Judge