IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:17-CR-5-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SANJAY KUMAR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's filing April 10, 2019, entitled "supplemental response to DHHS motion to modify subpoena and order of the court." (DE 248). Defendants purports to respond to the court's April 3, 2019, order which in relevant part granted the North Carlina Department of Health and Human Services's ("DHHS") motion to modify defendant's subpoena which sought information contained in the North Carolina Controlled Substances Reporting System ("CSRS"). More specifically, and as relevant here, defendant sought all prescriber and prescription information pertaining to certain drugs for certain years "from REALO Pharmacy" as well as all prescriber and prescription information pertaining to certain drugs for certain years from a list of certain doctors "including all PA orders on their behalf and under all [Drug Enforcement Administration ("DEA")] numbers assigned to the named physician[s]." (See DE 245 at 3).

The court held in April 3, 2019, order that "[d]efendant's requests for all REALO pharmacy records is not specific and limited" and found DHHS "unable to identify those physician assistants and provide their prescribing history," as requested by defendant. (See 247 at 5-6). Reference is made to that decision, which speaks for itself.

Defendant in the instant filing informs the court the specific REALO pharmacy locations from which defendant seeks CSRS information and clarifies to the court that defendant seeks information based on certain DEA numbers assigned to physicians that may be used by another, including physician assistants.[1] As previously ordered, "[t]he court directs defendant, if he wishes to proceed, to identify <u>to DHHS</u> a specific REALO pharmacy location." (DE 247 at 6-7 (emphasis added)). Thus, defendant is DIRECTED to identify to DHHS, not the court, both the REALO pharmacy locations as submitted in defendant's April 10, 2019, filing as well as any other clarifying information concerning defendant's subpoena to DHHS.

Additionally in this filing, defendant restates defendant's position taken in previous filings that 1) the government has unfettered access to the CSRS and 2) the government has produced to defendant all relevant discovery, including that which the government has obtained from the CSRS, clarifying however that the government has not sought from the CSRS that which defendant is attempting to seek. To the extent defendant seeks the court to reconsider its April 3, 2019, order, in that respect defendant's request is DENIED.

SO ORDERED, this the 16th day of April, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] Defendant suggests such requests are not overly burdensome. If DHHS determines these requests are overly burdensome or if additional concerns remain, DHHS can again move to modify or quash defendant's revised subpoena.