IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:17-CR-5-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SANJAY KUMAR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion seeking relief from forfeiture and release of seized real and personal property, (DE 389), and the government's corresponding motion for restraining order to prevent dissipation of assets, (DE 396). The issues raised are ripe for ruling.

## I. BACKGROUND

A. Prosecution

Indictment was returned in this case on January 12, 2017. On February 22, 2018, defendant was named in a 45 count, second-superseding indictment ("indictment") charging him with the following:

1) conspiracy to unlawfully dispense and distribute oxycodone, oxymorphone, hydromorphone, and alprazolam in violation of 21 U.S.C. § 846 (count 1);

2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count 2);

3) unlawful dispense and distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1) (counts 3 through 23);

4) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A)(i) (count 24);

5) unlawful dispensation and distribution of alprazolam in violation of 21 U.S.C. § 841(a)(1) (counts 25 through 30);

6) engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957 (counts 31 through 32);

7) laundering of monetary instruments in violation of 18 U.S.C.§ 1956(a)(1)(B)(I), (ii) (counts 33 through 42); and

8) attempt to evade and defeat tax in violation of 26 U.S.C. § 7201 (counts 43 through 45).

(DE 16, DE 86).

Trial concluding August 12, 2019, lasting some 26 days, including four days during which the jury deliberated its verdict, resulted in the jury finding defendant guilty of five counts of unlawful distribution of oxycodone in violation of 18 U.S.C. § 841(a)(1) (counts 3, 4, 5, 9, and 11), five counts of money laundering by concealment in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (ii) (counts 33, 34, 35, 39, and 40), and three counts of tax evasion in violation of 26 U.S.C. § 7201 (counts 43, 44, and 45). Not guilty verdicts were returned on the 32 other counts lodged against defendant, including, of particular note with respect to the instant motions, count one (the conspiracy count in violation of 21 U.S.C. § 846), and count two (the firearms count in violation of 18 U.S.C. § 924(c)(1)(A)).

Defendant's sentencing hearing is scheduled for January 6, 2020.

B.   Restraint of Property

During the course of investigation and prosecution of defendant over several years, defendant's property has been restrained as follows:

1) Property seized as evidence during the execution of various search and arrest warrants at defendant's residence, office, and a storage unit, including a) a total of $594,985.00 in United States currency, which was taken into custody by the Internal Revenue Service ("IRS"); b) 36 firearms and pallets of related ammunition, taken

into custody by the New Bern Police Department ("NBPD") which are the subject of a separate civil forfeiture action, United States v. Kumar's Personal Property, No. 4:16-CV-281-FL; and c) items deemed of evidentiary value, primarily electronic devices and documents taken into either IRS or NBPD custody;[1]

2) Five vehicles seized pursuant to warrants based on probable cause to believe they were subject to forfeiture, including a) 2012 Ford F450; b) 2013 Chevrolet Silverado; c) 2014 Ford F150; d); 2014 Dodge 4WD Quad Cab Ram 1500 and e) 2016 Jeep Wrangler Unlimited;[2] and

3) Property subject to a consensual restraining order entered on February 27, 2017, restraining defendant from transferring, liquidating, or encumbering a) three parcels of real property as listed in the forfeiture notice of the indictment; as well as b) any funds remaining in defendant's MassMutual Individual Qualified Defined Benefit Plan #ODY15321681 after a $125,000.00 withdrawal was made to pay for defendant's legal defense.

---

[1] The government represents that these items of evidentiary value have little or no monetary value and thus would not have been processed for forfeiture, stating that typically these items would be destroyed after the conclusion of all criminal proceedings unless the defendant petitions for their return. Here, because the convictions in this case are not yet final and still subject to appeal, the government represents it needs to maintain custody of this evidence, and any request for return of this property is premature. Defendant has not argued otherwise. The government is on notice here.

[2] In indictment, the government sought forfeiture of all vehicles represented above, (see DE 86 at 12), but at trial submitted verdict form seeking forfeiture of only four vehicles, not the 2012 Ford F450, (see DE 342 at 2). Notwithstanding, the government represented to the court at trial that all five vehicles are currently impounded in Greensboro, North Carolina, where they are being maintained.

## II. COURT'S DISCUSSION

A. Motions To Be Decided

The instant motions raise a set of intertwined issues, where the government defends against any release of property also by moving for an order preventing dissipation of defendant's assets, including some assets in its custody already. The motions are summarized below.

1. Defendant's Motion (DE 389)

On August 12, 2019, defendant filed motion seeking his release from custody pending sentencing, which motion has been denied, together with the instant motion, entitled "Motion to Dismiss Forfeiture Indictment & In Rem Complaint and For Release [of] Assets Seized." Defendant argues in his motion, made pursuant to Federal Rule of Criminal Procedure Rule 41(g), that because he was found not guilty on counts one and two, forming the basis upon which the government sought forfeiture of assets, and where the total amount of criminal forfeiture based on the counts of conviction is not more than the sum of $21,000.00, defendant's assets should be released.

Defendant seeks dismissal of the forfeiture provisions of the indictment, a civil forfeiture action, and recovery of associated property including the five vehicles listed at I.B.2) above, currency and real property made mention of at I.B.1) and I.B.3), and the weapons and ammunition also referred to at I.B.1) above, together with any restrained retirement account, ostensibly including that to which reference is made at I.B.3) above.[3] Defendant also seeks release of any property belonging to him otherwise seized by law enforcement together with an accounting of remaining missing property.

Remaining missing property referred to by him includes his "Monster Truck," jewelry taken

---

[3] Defendant makes shorthand reference to property listed on the "Forfeiture Verdict" form, a copy of which is attached hereto.

from his person at his arrest, and gym equipment missing from his business site, as well as any other vehicle not accounted for.

Defendant offers no case law in support of his contentions. The extent of his arguments, all two paragraphs of them, are woven into his motion. Local Criminal Rules 47.1(b) and 47.2(a), require that all motions with exceptions not applicable here "shall be filed with an accompanying supporting memorandum" that will include "statement of the facts that pertain to the matter before the court for ruling" and "argument . . . relating to the matter before the court for ruling with appropriate citations." Counsel's filing on defendant's behalf is deficient.

2.  Government's Motion (DE 396)

The government filed response in opposition to defendant's motion as well as a motion entitled "United States' Motion for a Restraining Order to Prevent Dissipation of Assets," aimed at securing assets sufficient to ensure payment of anticipated criminal monetary penalties expected to be awarded by the court. It rests on the All Writs Act, 28 U.S.C. § 1651, as its authority. Specifically the government targets vehicles listed at I.B.2) above;[4] and the currency and real property made mention of at I.B.1) and I.B.3) above. It estimates the property as having equity of around $1,270,000.00. Presumably this estimate also takes into consideration amounts remaining in defendant's MassMutual Individual Qualified Defined Benefit Plan #ODY15321681, but this is unclear.

The government does not dispute the total amount of criminal forfeiture theoretically

---

[4] In motion for restraining order, the government seeks restraint, in part, of the following four vehicles: 2013 Chevrolet Silverado; 2014 Ford F150; 2014 Dodge 4WD Quad Cab Ram 1500 and 2016 Jeep Wrangler Unlimited. (DE 396 at 1). However, in proposed order submitted in conjunction with the government's motion, the government, in addition to the four vehicles listed, also includes the 2012 Ford F450. (DE 396-1 at 1). Likewise, in supporting memorandum of law, the government includes all five vehicles as included in "seized vehicles and currency," which the government seeks to restrain. (DE 397 at 1-3).

authorized in this case, based on the counts of conviction, as calculated by defendant, but argues "the potential forfeiture liability pales in comparison to the substantial monetary penalties that the Defendant faces." (DE 398 at 3-4).

B.  Analysis

The bulk of the parties' motions concern release or restraint by the government of defendant's five vehicles, the seized $594,985.00, the three tracts of land, and, possibly, defendant's retirement funds. The court will address this issue first, denying the government's motion for restraint of this property and granting defendant's motion for immediate release of the same. Next, the court addresses the seized weapons and ammunition, denying defendant's motion for release of these items that are subject to a separate civil forfeiture action. Finally, the court addresses the stated missing property, directing the government to provide an accounting as to these items.[5]

1.  Vehicles, $594,985.00, Tracts of Land, and Retirement Funds

Section 1651(a) of Title 28 of the United States Code, the All Writs Act, provides: "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. While the language of the Act refers to writs issued in aid of jurisdiction, the Supreme Court has held that the Act empowers district courts to issue orders or injunctions "necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." United States v. New York Tel. Co., 434 U.S. 159, 172 (1977).

---

[5] As stated above, defendant's instant motion is labeled "Motion to Dismiss Forfeiture Indictment & In Rem Complaint and For Release [of] Assets Seized." To the extent this motion seeks "dismiss[al] of the forfeiture indictment," grounds for such a dismissal are spurious at this juncture in the case.

Although the United States Court of Appeals for the Fourth Circuit has not directly confronted the question whether the All Writs Act enables a court to restrain a convicted defendant's property in anticipation of ordering restitution, this court, other courts in this circuit, and courts outside this circuit "have uniformly answered this question in the affirmative." See United States v. Catoggio, 698 F.3d 64, 67 (2d Cir. 2012) (citing United States v. Sullivan, No. 5:09–CR–302–FL–1, 2010 WL 5437243, at *5–*7 (E.D.N.C. Nov. 17, 2010); United States v. Hatfield, No. 06–CR–0550, 2010 WL 4235815, at *1 (E.D.N.Y. Sept. 27, 2010); United States v. Numisgroup Int'l. Corp., 169 F.Supp.2d 133, 138–39 (E.D.N.Y.2001); United States v. Ross, No. 92–CR–1001, 1993 WL 427415, at *1 (S.D.N.Y. Oct. 15, 1993); United States v. Simmons, No. 07–CR–30, 2008 WL 336824, at *1 (E.D.Wis. Feb. 5, 2008); United States v. Runnells, 335 F.Supp.2d 724, 725–26 (E.D.Va.2004); United States v. Abdelhadi, 327 F.Supp.2d 587, 598–601 (E.D.Va.2004)); see also United States v. Fuechtener, No. 216CR00100GMNCWH, 2018 WL 4005176, at *3 (D. Nev. Aug. 22, 2018); United States v. Swenson, No. 1:13-CR-91-BLW, 2014 WL 2506300, at *1 (D. Idaho June 3, 2014); United States v. Gates, 777 F. Supp. 1294, 1296 (E.D. Va. 1991).

Here, the government has represented that it intends to seek approximately $346,246.00 in restitution for the tax evasion convictions, and that a mandatory special assessment of $1,300.00 applies. Additionally, it is undisputed that defendant may be subject to significant monetary penalties. See 21 U.S.C. § 841 (providing for fine of not more than $1,000,000.00 for each of the five unlawful distribution counts); 18 U.S.C. § 1956(a)(1)(b)(I) and (ii) (providing for fine of not more than $500,000.00, or twice the value of the property involved in the transaction, for each of the five money laundering counts); 26 U.S.C. § 7201 (providing for fine of not more than $100,000.00 for each of the three tax evasion counts).

7

The government argues in main that a "restraining order is authorized by the All Writs Act, 28 U.S.C. § 1651, and is appropriate in this case where a jury has convicted Defendant of drug, money laundering, and tax evasion charges, thereby subjecting him to, among other things, substantial criminal monetary penalties," arguing further that "the Government need not show that Defendant has attempted to dissipate assets in order for the court to issue a restraining order under the All Writs Act." (DE 397 at 1, 6 (citing Numisgroup, 169 F. Supp. 2d at 138 and Ross, 1993 WL 427415)).

Although case law supports the government's argument that it is not required to show attempts at dissipation, the government is still required to make some showing that a restraining order in this instance would be necessary or appropriate. Here, the government seeks to restrain assets estimated to be worth roughly four times the amount the government seeks in restitution. This restitution is not mandatory,[6] nor are the potential monetary fees that defendant could face. Additionally, as stated, the government has made no showing of attempts to dissipate assets on the part of defendant and has further made no showing of defendant's inability to pay potential restitution amounts.

In short, the government has offered no reason why the court should restrain defendant's assets between now and sentencing beyond arguing defendant was convicted of drug, money laundering, and tax evasion charges and may be subject to monetary penalties, argument applicable

---

[6] As stated by the Fifth Circuit:

> The federal restitution statutes do not authorize restitution for tax crimes under Title 26. However, the law gives courts wide discretion in ordering restitution as a condition of supervised release. "[T]he Supervised Release Statute [18 U.S.C. § 3583(d)], together with the Probation Statute [18 U.S.C. § 3563], unambiguously authorizes federal courts to order restitution as a condition of supervised release for any criminal offense, including one under Title 26, for which supervised release is properly imposed."

United States v. Kilpatrick, 798 F.3d 365, 391 (6th Cir. 2015) (citations omitted) (emphasis added).

to virtually every, if not every, defendant facing sentencing on such counts. Such argument is insufficient. See Catoggio, 698 F.3d at 68-69 (holding district court properly restrained defendant's assets where restitution was mandatory and restitution amount exceeded the amount sought to be restrained); Sullivan, 2010 WL 5437243, at *5–*7 (ordering restraint of defendant's assets where restitution was mandatory and the government has offered substantial evidence that defendant attempted to use a third party to dissipate his assets); Hatfield, 2010 WL 4235815, at *1 (ordering restraint of defendant's assets where restitution "will be issued at sentencing" and where evidence indicated defendant had "virtually no assets at this disposal"); Numisgroup, 169 F.Supp.2d at 138–39 (ordering restraint of defendant's assets "in anticipation of an Order on Restitution," where defendant's "sole asset of any value other than the [restrained] coins" was property "previously pledged as a part of his bail conditions"); Ross, 1993 WL 427415, at *1 (ordering restraint of defendant's assets where the court was "persuaded that Dr. Ross should make restitution" and where "there is a real question as to whether or not Dr. Ross currently has sufficient liquid assets to satisfy any judgment of restitution"); Simmons, 2008 WL 336824, at *1 (ordering restraint of defendant's assets where restitution is mandatory and evidence was submitted defendant attempted to dissipate assets); Fuechtener, 2018 WL 4005176, at *3 (ordering restraint of defendant's assets where restitution is mandatory and defendant agreed to pay restitution and release funds and property in his control pursuant to plea agreement); Swenson, 2014 WL 2506300, at *4 (ordering restraint of defendant's assets where restitution is mandatory and where "defendant likely does not have the assets necessary to satisfy the anticipated order of restitution"); see also Runnells, 335 F.Supp.2d at 725–26 (ordering restraint of defendant's assets where restitution order had already been entered and where evidence was submitted defendant attempted to dissipate assets); Abdelhadi, 327 F.Supp.2d at 598–601 (ordering restraint of defendant's assets where restitution order had already

been entered and where, following defendant's flight and unknown whereabouts, the court held there was a reasonable likelihood defendant would fail to pay restitution and/or dissipate assets); id. ("Thus, these cases stand for the proposition that a court may enter a restraining order if (I) by doing so, the court will give effect to a previously-issued order and (ii) there is reason to believe that the restraining order is necessary for payment of a fine or restitution"); United States v. Yielding, 657 F.3d 722, 727 (8th Cir. 2011) ("We agree that a sentencing court has jurisdiction to enforce its restitution order and may use the All Writs Act, when necessary and appropriate, to prevent the restitution debtor from frustrating collection of the restitution debt.").[7]

Additionally, in response to defendant's motion, the government has failed "to establish that it was still justified" in retaining defendant's property. United States v. Mora, 353 F. App'x 792, 794 (4th Cir. 2009) (citing United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999) ("The burden shifts to the government when the criminal proceedings have terminated . . . At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property.")).

Therefore, the court denies the government's motion for restraining order and grants defendant's motion to release property, ordering immediate release of the five vehicles, the seized $594,985.00, the three tracts of land, and, to the extent funds remain that can be released, defendant's retirement funds.

---

[7] The government cites Gates in support of its motion. In Gates, the trial court held, without reference to the All Writs Act, that it had authority to order a defendant awaiting sentencing not to dispose of his assets to ensure meaningful ability to impose a proper sentence and "to fulfill the intent and mandate of Congress that a financially able defendant pay fines and costs of prosecution, incarceration, and supervised release or probation," rejecting a Due Process challenge made by defendant. 777 F. Supp. at 1296 n.7. However, in Gates, consistent with the above case law, the court found that, at a minimum, defendant "would be required to pay for his court-appointed attorney." Id. at 1296. The court additionally noted, unlike here, that defendant's assets were not seized, and the court, "in fact, provided that defendant could use his money, upon application to the court, for personal necessities." Id.

2.  Defendant's Weapons and Ammunition

To the extent that defendant seeks to recover defendant's weapons and ammunition, defendant's motion is denied. These items are the subject of a separate civil forfeiture action, United States v. Kumar's Personal Property, No. 4:16-CV-281-FL, and, therefore, properly should remain subject to the jurisdiction of this court pursuant to the warrant for arrest and notice in rem issued by the clerk. And to the extent that defendant's motion seeks dismissal of the related civil complaint, such a motion is not properly asserted in this criminal case. Moreover, it does not appear that defense counsel represents defendant in the civil matter.[8]

3.  Stated Missing Property

Defendant seeks to know what happened to his "Monster Truck." In its response the government recites this vehicle was seized and sold by the North Carolina Department of Revenue (DE 398 at 2). The government discounts having made any inventory of property removed from defendant at the time of his arrest, and reiterates, as stated at trial, that following defendant's arrest during a traffic stop, jewelry and other items taken from defendant's person were taken back by law enforcement to his residence and left there before the residence was secured, and were never seized or restrained. (DE 398 at 2-3). It then follows, the government argues, because it does not have actual or constructive possession of the property, that it cannot be the subject of a Rule 41(g) motion. Likewise, with respect to the gym equipment left at his office, before his office was secured, the same, it is argued, cannot be the subject of any motion.

Rule 41(g) provides as follows:

---

[8] Another hurdle for defendant, noted by the government, is the fact he is now, by virtue of his status as a convicted felon, a person prohibited from lawfully possessing firearms or ammunition. See 18 U.S.C. § 922(g); Henderson v. United States, 135 S. Ct. 1780, 1782 (2015) ("a court may approve the transfer of a felon's guns consistently with § 922(g) if, but only if, the recipient will not grant the felon control over those weapons").

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). "[A] postconviction motion for return of property is a civil action" governed by Rule 41 as a "Supplementary and Special Proceeding[ ]" that can be brought even "where no criminal proceeding is pending." United States v. Garcia, 65 F.3d 17, 20 (4th Cir. 1995); see United States v. Roca, 676 Fed.Appx. 194 (4th Cir. 2017). When such a motion is brought after conclusion of criminal proceedings for return of seized property, the government has a burden "to demonstrate a legitimate reason for retaining the property." Roca, 676 Fed.Appx. at 194-95. However, absent certain limited exceptions, the government "is . . . not the proper party to an action for return of that property" where the government "never had actual or constructive possession of the property" at issue. United States v. Gomez, 382 F. App'x 344, 345 (4th Cir.2010) (affirming denial of Rule 41(g) motion where "[t]he United States never had actual or constructive possession of the property that is the subject of [the] motion[ ]"); see also United States v. Copeman, 458 F.3d 1070, 1071 (10th Cir. 2006) (citing Clymore v. United States, 164 F.3d 569, 571 (10th Cir.1999)) ("there are some limited circumstances under which Rule 41( [g] ) can be used as a vehicle to petition for the return of property seized by state authorities," including "actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity.").

The government argues that absent actual or construction possession by it of the sought-after items, defendant's motion should be denied. See United States v. Solis, 108 F.3d 722, 722 (7th Cir.

12

1997) ("Here, however, there is no evidence that the automobile was in the actual or constructive possession of the United States at the time of the filing of Mr. Solis' motion or, indeed, at any time before the filing of the motion."); Robinson v. United States, No. 3:04CR342, 2013 WL 682894, at *1 (E.D. Va. Feb. 22, 2013) (government submitted declaration of special agent with DEA who had "determined that the DEA does not have and has never had custody" of the property at issue); see also Bratton v. United States, No. 1:09CV603, 2010 WL 3279302, at *1 (M.D.N.C. Aug. 19, 2010) ("Plaintiff has not responded to Defendant's motion and, therefore, has not contested the fact that the Defendant does not possess the money in question and has never been involved with the currency" additionally noting "there is no reason that the money ever would have come into federal custody").

Evidence and argument at trial tended to point towards defendant's landlord as being responsible for dissipation of any personal property left on the leased premises, buttressing contention the government never took possession of any gym equipment. The same cannot be said about jewelry on the person of defendant at the time of his arrest where evidence indicates that on the day of defendant's arrest, a multi-agency task force acted in coordination, executing the multiple search warrants of defendant's property and arrest warrant of defendant, including the DEA, the NBPD, the Craven County Sheriff's Department, the State Bureau of Investigation, and the IRS, and that multiple personal items, including jewelry, were removed from defendant's person, current whereabouts unknown.

The government's explanation as to these former items, that such items "are not listed in any of the property inventories" and were not "seized or restrained in connection with this federal prosecution," (DE 398 at 1-2), without any evidentiary support, is woefully lacking. See, e.g., United States v. Gause, No. 7:07-CR-42-FL-2, 2018 WL 3419257, at *2 (E.D.N.C. July 13, 2018)

13

(denying defendant's motion for return of seized property where "the government has demonstrated, through affidavit and extensive supporting documentation" that defendant was not entitled to return of the property in question); see also United States v. Bailey, 407 F. App'x 74, 76 (8th Cir. 2011) ("Because the government acknowledged once having had actual possession of these items, Bailey is entitled to seek their return under Rule 41(g) . . . and the district court erred in not receiving evidence as to their current possessor").

Therefore, defendant's motion for accounting as to the stated missing items is granted. The government shall provide an accounting of the items listed by defendant in defendant's motion no later than 21 days from entry of this order identifying the following:

1) all person(s) affecting defendant's arrest;

2) any property removed from defendant's person;

3) where any property was transferred to upon removal from defendant' s person;

4) all circumstances informing effort if any by law enforcement to secure any property removed from defendant's person; and

5) all persons taking possession of any property belonging to defendant or in proximity to where any such property was left by law enforcement.

## CONCLUSION

In accordance with the foregoing, the court DENIES the government's motion, (DE 396), and GRANTS IN PART and DENIES IN PART defendant's motion, (DE 389).

SO ORDERED, this the 1st day of October, 2019.

LOUISE W. FLANAGAN
United States District Judge

# ORDER ATTACHMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:17-CR-5-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | FORFEITURE VERDICT |
| SANJAY KUMAR, | ) | |
| | ) | |
| Defendant. | ) | |

We, the Jury, unanimously return the following verdict as to the following property:

1. What is the total amount of proceeds, if any, that the defendant personally obtained as a result of the drug conspiracy offense charged in Count One of the Second Superceding Indictment?

 Answer $_____

 Write out amount in words: _____

 _____

 **If the answer to the above question is $0 (zero), skip question two and proceed directly to question three.**

2. Place a check mark next to specific property described below, if any, that constitutes, or is derived from, proceeds the defendant personally obtained as a result of the drug conspiracy offense charged in Count One of the Second Superceding Indictment:

 _____ 2013 Chevrolet Silverado with VIN 1GC4K1C80DF192543

 _____ 2014 Ford F150 with VIN 1FTFW1R60EFB66870

 _____ 2014 Dodge 4WD Quad Cab Ram 1500 with VIN 1C6RR7FTXES266877

 _____ 2016 Jeep Wrangler Unlimited with VIN 1C4BJWDGXGL164591

2

  _____ $594,985.00 in United States Currency

  _____ One approximately 10.33 tract of land with all appurtenances and improvements thereto, as more fully described in Deed Book 3341, Pages 70-72 of the Craven County Registry, located in Township Number 9, Craven County, North Carolina, and titled in the name of Sanjay Kumar

3. Place a check mark next to specific property described below, if any, that constitutes property involved in or used in the commission of the firearm offense charged in Count Two of the Second Superceding Indictment:

  _____ CN Romarm SA/Cugir WASR-10 rifle with serial number ("SN") 1-32698-2002 and any and all associated magazines and ammunition

  _____ FN Herstal 5.7 x 28 pistol with SN 386278943 and any and all associated magazines and ammunition

  _____ Smith & Wesson model 340PD .357 revolver with SN CXS2604 and any and all associated magazines and ammunition

  _____ Desert Eagle .45 caliber pistol with SN 31302695 and any and all associated magazines and ammunition

  _____ Mossberg model 590 shotgun with SN U939206 and any and all associated magazines and ammunition

  _____ Remington 870 12 gauge shotgun with SN RS77539N and any and all associated magazines and ammunition

  _____ Mossberg model M590DA1 12 gauge shotgun with SN DA001615 and any and all associated magazines and ammunition

  _____ Mossberg model 500 12 gauge shotgun with SN U929486 and any and all associated magazines and ammunition

  _____ Mossberg model 500 12 gauge shotgun with SN V0049209 and any and all associated magazines and ammunition

  _____ Catamount Fury II 12 gauge shotgun with SN CAT2-002722 and any and all associated magazines and ammunition

  _____ Heckler & Koch .45 caliber pistol with SN 25-019469 and any and all associated magazines and ammunition

_____ Smith & Wesson model governor .45 caliber pistol with SN CUJ7071 and any and all associated magazines and ammunition

_____ Ruger Super Redhawk Alaskan .45 caliber revolver with SN 530-38005 and any and all associated magazines and ammunition

_____ Charter Arms Bulldog .44 caliber SPL revolver with SN 13-18910 and any and all associated magazines and ammunition

_____ Mossberg model 500 12 gauge shotgun with SN U973398 and any and all associated magazines and ammunition

_____ Mossberg model 500 12 gauge shotgun with SN V0049214 and any and all associated magazines and ammunition

_____ Smith & Wesson model 340 .357 caliber revolver with SN CXS2598 and any and all associated magazines and ammunition

_____ Kel-Tec 12 gauge shotgun with SN XJ498 and any and all associated magazines and ammunition

_____ Beretta model 1301 12 gauge shotgun with SN TA001281 and any and all associated magazines and ammunition

_____ Remington model 700 rifle with SN RR27730B and any and all associated magazines and ammunition

_____ FN Herstal model SCAR17S 7.62 x 51 rifle with SN HC43061 and any and all associated magazines and ammunition

_____ FN Herstal model SCAR17S 7.62 x 51 rifle with SN HC43076 and any and all associated magazines and ammunition

_____ Glock 20C 10mm pistol with SN ETM195 and any and all associated magazines and ammunition

_____ Glock 21 .45 caliber pistol with SN USA1908 and any and all associated magazines and ammunition

_____ Desert Eagle model 50AE .50 caliber pistol with SN DK0021369 and any and all associated magazines and ammunition

_____ Smith & Wesson 340 .357 caliber revolver with SN CXE7560 and any and all associated magazines and ammunition

_____ Smith & Wesson model 500 revolver with SN CWB9263 and any and all associated magazines and ammunition

_____ Smith & Wesson 500 Magnum revolver with SN CXB4813 and any and all associated magazines and ammunition

_____ Taurus Raging Judge Magnum .454 caliber revolver with SN HX960521and any and all associated magazines and ammunition

_____ Catamount Fury II 12 gauge shotgun with SN CAT2-005001 and any and all associated magazines and ammunition

_____ Glock 20C 10mm pistol with SN ETM184 and any and all associated magazines and ammunition

_____ Glock 30 .45 caliber pistol with SN EVP368 and any and all associated magazines and ammunition

_____ FN Herstal 5.7 x 28 caliber pistol with SN 386276609 and any and all associated magazines and ammunition

_____ Springfield Armory M1A .308 caliber rifle with SN 338611 and any and all associated magazines and ammunition

_____ Kel-Tec 12 gauge shotgun with SN XFX93 and any and all associated magazines and ammunition

_____ Mossberg model 88 12 gauge shotgun with SN MV44394H and any and all associated magazines and ammunition

_____  _____
DATE  FOREPERSON'S SIGNATURE