IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:17-CR-5-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SANJAY KUMAR, ) | |
| ) | |
| Defendant. ) | |

This case comes before the court on defendant's motion (D.E. 424) to modify the Protective Order (D.E. 21) entered on 1 February 2017. At the court's direction (*see* 1 Nov. 2019 Text Ord.), the government filed a response (D.E. 426) in opposition to the motion. The court held a hearing on defendant's motion on 2 December 2019. *See* D.E. 431. For the reasons stated below, the court will deny defendant's motion.

Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time the court may, *for good cause*, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1) (emphasis added). "When a party requests a modification or rescission of a protective order, courts consider whether good cause exists for the modification or rescission and whether the other party has relied upon the protective order." *United States v. Walker*, 2019 WL 4412909, at *11 (E.D.N.C. 13 Sept. 2019) (citations omitted).

Here, it is apparent that the government relied on the Protective Order in giving discovery materials to defendant. The government produced its discovery only after the Protective Order was in place.

It is also apparent that defendant has not shown that good cause exists for modification of the Protective Order. The concerns that the government expressed in its motion for the Protective Order continue to exist. The discovery materials include "thousands of pages of documents and

other media, including bank records, tax information, medical records, other financial records, and numerous documents that contain personal identifying information." Mot. for Protect. Ord. ¶ 2. Other specific types of sensitive documents in the government discovery include documents protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), grand jury materials, and information regarding confidential informants. *See* Gov.'s Resp. to Mod'n Mot. 5. The need to protect against disclosure of sensitive materials has been heightened by defendant's statements that he will use government discovery as he chooses, including disseminating it to third parties, irrespective of the court's directives. *See* 10 Oct. 2019 Sealed Ltr. 2, 4, 6.

Defendant seeks to modify the Protective Order, in part, to be able to use the materials in civil litigation he may bring (other than a collateral attack relating to this case). In effect, he is attempting to circumvent any restrictions on discovery applicable in that litigation that could limit his access to or use of government discovery materials. The court declines to assist him in doing so.

Defendant appears to argue that the Protective Order was not intended to apply to all discovery, but instead just to the bank records, tax information, medical records, other financial records, and other documents that contain personal identity information. However, a plain reading of the Protective Order reveals that it applied to all discovery. For example, the introductory sentence speaks of "the flow of discovery material between the parties." Protect. Ord. 1. There is no limitation in this provision to discovery containing personal identity information. Similarly, paragraph 1 employs the terms "this discovery from the government" and "the discovery in this case." *Id.* ¶ 1. Paragraphs 2 and 4 relate to "discovery material provided by the United States." *Id.* ¶¶ 2, 4 (capitalizing the "d" in "discovery"). Two paragraphs, paragraphs 3 and 5, specify that

2

they relate to material containing personal identity information. *See id.* ¶¶ 3, 4. If the Protective Order encompassed only material containing such information, no such specification would have been necessary. As noted, the government discovery includes materials beyond those with personal identity information.

Defendant also asserts that certain requirements must be met in order for protective orders prohibiting dissemination to be constitutional and that such requirements are not met by the Protective Order. However, defendant's reliance on the two cases he cites is misplaced. One, *In Re Halkin*, 598 F.2d 176 (D.C. Cir. 1979), has been overruled. *See E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1411 (D.C. Cir. 1996) ("As was recognized in *Tavoulareas v. Washington Post Co.*, 111 F.R.D. 653, 655 (D.D.C. 1986), *Halkin* was overruled by the Supreme Court in *Seattle Times* [*Co. v. Rhinehart*, 467 U.S. 20 (1984)] where the Court considered and rejected the argument that protective orders must be supported by concrete factual showings."). The other case, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980), holds merely that the public has a First Amendment right to attend criminal trials.

The Protective Order's remaining in place does not prejudice defendant with respect to possible use of government discovery in civil litigation he may bring. In any such litigation, as noted previously, defendant will have available to him the means of civil discovery to attempt to obtain materials in the government discovery. Defendant has, of course, had access to the government discovery in prior proceedings in this case. He will continue to have access under the Protective Order. To help ensure that access as well as compliance with the Protective Order, the court is entering contemporaneously herewith a Supplemental Protective Order setting out specific procedures for handling government discovery based on the terms of the Protective Order.

3

Defendant's motion for modification of the Protective Order is accordingly DENIED. The Protective Order therefore remains in full force and effect, and defendant must comply with all its terms.

SO ORDERED, this 16th day of December 2019.

James E. Gates
United States Magistrate Judge