IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:17-CR-5-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **SUPPLEMENTAL PROTECTIVE** |
| ) | **ORDER** |
| SANJAY KUMAR, ) | |
| ) | |
| Defendant. ) | |

The court adopts the provisions set forth below, pursuant to Fed. R. Crim. P. 16(d)(1), to help ensure compliance with the Protective Order (D.E. 21) entered herein on 1 February 2017. By order entered contemporaneously herewith, the court is denying a motion by defendant (D.E. 424) for modification of the Protective Order. The Protective Order therefore remains in full force and effect, and defendant must comply with all its terms. The instant Order does not supplant, but rather supplements, the Protective Order.

Good cause exists for all the provisions herein. They reflect the configuration and capabilities of the jail facility at which defendant is presently housed ("present jail facility"), based on information obtained from the U.S. Marshals Service, and other current circumstances, including the professed intention of defendant to use materials (*i.e.*, information in any form) produced by the government in discovery in this case ("government discovery") as he chooses, including disclosure to third parties, irrespective of court directives. Notably, many of the procedures provided for herein are already in place, and this Order serves to memorialize such procedures.

IT IS ORDERED as follows:

## I. ACCESS OF DEFENDANT TO CASE-RELATED MATERIALS

1. **Access in Reviewing Room.** Electronic copies of government discovery on a laptop, other electronic copies of government discovery, paper copies of government discovery, notes defendant has composed (*i.e.*, written by hand or typed himself or dictated to another person who handwrote or typed them) relating to this case, and any other materials relating to this case ("case-related materials") may be kept at the present jail facility. The case-related materials shall be kept in a room separate and apart from defendant's cell ("reviewing room"). Defendant shall be given access to the reviewing room for the purpose of reviewing the case-related materials up to one and a half hours each day. Defendant shall not be permitted to remove any case-related materials from the reviewing room.

2. **Access During Meetings with Defendant's Counsel and Court Proceedings.** Defendant may have access to case-related materials during meetings with defendant's counsel of record in this case ("defendant's counsel") at the present jail facility and during court proceedings in this case. Prior to the end of any such meeting or court proceeding, defendant shall return to defendant's counsel all copies of case-related materials provided to him during the meeting or court proceeding. Meetings of defendant with defendant's counsel at the present jail facility may be held during typical business hours each day and may last up to six hours each day.

3. **Prohibition Against Other Access.** Other than inside the reviewing room or during meetings with defendant's counsel or court proceedings, defendant shall not possess, and the present jail facility shall not give him access to, any materials unless it is clear the materials are not case-related (*e.g.*, books, magazines, newspapers, materials produced by or for the present jail facility) or the materials have been designated as not case-related materials pursuant to this Order.

4. **Notes Composed by Defendant.** Defendant may compose notes relating to this case to the extent permitted by the rules of the present jail facility. Notes composed by defendant shall be treated as case-related materials unless and until they are designated as not case-related pursuant to this Order. Defendant shall on a daily basis turn over notes he composes to the present jail facility for storage in the reviewing room. The present jail facility shall search defendant and/or his cell for notes he has composed if and when it deems doing so is appropriate, which may or may not be on a daily basis.

5. **Procedure for Determining Whether Materials are Not Case-Related.** If defendant wishes to have materials designated as not case-related, the following procedures shall apply:

   a. Defendant's counsel shall serve on the government's counsel a signed certification, made in good faith after reasonable inquiry, that the materials defendant seeks to have designated as not case-related materials are not case-related material. The certification shall describe the form of the materials (*e.g.*, notes, video), the approximate length of it, and the general subject matter it addresses.

   b. If the government wishes to challenge the disclosure of the materials, it shall serve on defendant's counsel an objection to the designation within 3 days after the certification is served on the government's counsel. The objection shall state whether or not the government seeks to review the materials subject to the certification.

   c. If the government states in its objection that it does not seek to review the materials subject to the certification, it shall file under seal and *ex parte* within 7 days after service of its objection a memorandum stating the grounds for the objection. Defendant's counsel may file under seal and *ex parte* a response to the government's memorandum

3

within 7 days after the government's memorandum is filed. The court will thereafter rule on the objection.

d. If the government states in its objection that it does seek review of the materials subject to the certification, defendant's counsel shall serve within 3 days after the objection is served a copy of the materials on a "taint team" designated by the government. The taint team shall be composed of one or more attorneys who shall not participate in the prosecution of this case after their receipt of a copy of the materials as to which an objection to disclosure is asserted. Members of the taint team shall not disclose the materials subject to an objection to any attorney or other person participating in the government's prosecution of this case. Review by the taint team shall be in lieu of *in camera* review by the court, which is not feasible given the volume of the government discovery, over 200,000 documents.

e. Within 7 days after service of the materials on the taint team, the taint team shall file under seal and *ex parte* (*i.e.*, counsel of record for the government shall not have access) a memorandum supporting or withdrawing the government's objection to the disclosure.

f. If the taint team does not withdraw the government's objection in its memorandum, defendant's counsel may file under seal and *ex parte* a response to the government's memorandum within 7 days after it is filed. The court will thereafter rule on the objection.

g. Defendant shall not possess and the present jail facility shall not give him access to any materials subject to defendant's counsel's certification earlier than 3 days after the certification is served. If the government objects to the certification, defendant

shall not possess and the present jail facility shall not give him access to any materials subject to defendant's counsel's certification until the government withdraws the objection or the court designates the materials as not case-related in its order resolving the objection. Any materials as to which an objection by the government is withdrawn or which is designated as not case-related by the court shall be labelled as such before defendant takes possession of them or the present jail facility provides defendant access to them.

  h. Defendant's counsel and the government's counsel shall confer in good faith to resolve any objections to designation as not case-related served by the government in response to any certification by defendant's counsel.

  i. Defendant's counsel shall make and retain until further order of the court a copy of all materials designated as not case-related.

**II. ACCESS OF DEFENDANT'S COUNSEL TO CASE-RELATED MATERIALS**

  **1.** **Access at the Present Jail Facility.** Defendant's counsel may have access to all case-related materials at the present jail facility, including all case-related materials in the reviewing room.

  **2.** **Removal from the Present Jail Facility.** Defendant's counsel may remove any case-related materials from the reviewing room and the present jail facility.

**III. DISCLOSURE BY DEFENDANT OF CASE-RELATED MATERIALS**

  **1.** **Prohibition against Disclosure of Government Discovery.** Defendant may not disclose to any person other than defendant's counsel any government discovery or any information from government discovery.

  **2.** **Procedure for Determining whether Materials Contain Government Discovery.** Defendant, or defendant's counsel on defendant's behalf, may disclose to a person

who is not defendant's counsel case-related materials, which shall not include any government discovery or information from government discovery, only pursuant to the following procedure:

a. Defendant's counsel shall serve on the government's counsel a signed certification, made in good faith after reasonable inquiry, that the materials defendant seeks to disclose does not contain any government discovery or information therefrom, personal identity information (other than that for defendant), or other information protected from disclosure to each person to whom disclosure is sought. The certification shall identify each person to whom the disclosure is sought to be made and describe the form of the materials sought to be disclosed (*e.g.*, notes, video), the approximate length of it, and the general subject matter it addresses.

b. If the government wishes to challenge the disclosure of the material, it shall serve on defendant's counsel an objection to the disclosure within 3 days after the certification is served on the government's counsel. The objection shall state whether or not the government seeks to review the materials subject to the certification.

c. If the government states in its objection that it does not seek to review the materials subject to the certification, it shall file under seal and *ex parte* within 7 days after service of its objection a memorandum stating the grounds for the objection. Defendant's counsel may file under seal and *ex parte* a response to the government's memorandum within 7 days after the government's memorandum is filed. The court will thereafter rule on the objection.

d. If the government states in its objection that it does seek review of the materials subject to the certification, defendant's counsel shall serve within 3 days after the objection is served a copy of the materials on a "taint team" designated by the government.

6

The taint team shall be composed of one or more attorneys who shall not participate in the prosecution of this case after their receipt of a copy of the materials as to which an objection to disclosure is asserted. The taint team may be the same taint team provided for in Section I.5.d of this Order. Members of the taint team shall not disclose the materials subject to an objection to any attorney or other person participating in the government's prosecution of this case. Review by the taint team shall be in lieu of *in camera* review by the court, which is not feasible given the volume of the government discovery, over 200,000 documents.

  e. Within 7 days after service of the materials on the taint team, the taint team shall file under seal and *ex parte* (*i.e.*, counsel of record for the government shall not have access) a memorandum supporting or withdrawing the government's objection to the disclosure.

  f. If the taint team does not withdraw the government's objection in its memorandum, defendant's counsel may file under seal and *ex parte* a response to the government's memorandum within 7 days after it is filed. The court will thereafter rule on the objection.

  g. Neither defendant, nor defendant's counsel on defendant's behalf, shall disclose the materials subject to defendant's counsel's certification earlier than 3 days after the certification is served. If the government objects to the certification, neither defendant, nor defendant's counsel on defendant's behalf, shall disclose the materials until the government withdraws the objection or the court permits disclosure in its order resolving the objection, in which event disclosure shall be made in accordance with the order.

  h. Defendant's counsel and the government's counsel shall confer in good faith to resolve any objections to disclosure served by the government in response to any certification by defendant's counsel.

  i. Defendant's counsel shall make and retain until further order of the court a copy of all materials defendant, or defendant's counsel on defendant's behalf, discloses to any person pursuant to the procedure in this Section III.B, including the name and address of each person to whom each disclosure is made and the date of such disclosure.

**IV. CASE-RELATED MATERIALS IN COURT'S CUSTODY**

  **1. Pick-up of the Materials.** The court has today delivered to the Clerk's Office in Raleigh for pick-up by defendant's counsel at her convenience all materials submitted to the court for in-camera review pursuant to the court's 2 October 2019 Order (D.E. 408). These materials include the 14 pages of documents that had previously been subject to review by the court and the documents produced by the North Carolina Department of Health and Human Services subject to N.C. Gen. Stat. § 90-113.74. *See* 28 Oct. 2019 Ord. (D.E. 422) 1.

  **2. Nature of the Materials.** Except for 24 books which are clearly not case-related, all materials being made available for pick-up shall be treated as case-related materials subject to the procedure under this Order for designation as not case-related.

**V. RESPONSIBILITIES OF U.S. MARSHALS SERVICE**

  **1. Provision of Order to Present Jail Facility.** The U.S. Marshals Service in this district shall provide a copy of this Order and the Protective Order to the appropriate official(s) at the present jail facility with responsibility for enforcing the terms of these Orders.

  **2. Notice to Court of Change in Facility.** The U.S. Marshals Service shall advise the court if defendant's housing is changed to a different jail facility.

## VI. SERVICE OF ORDER BY CLERK'S OFFICE

The Clerk's Office is DIRECTED to serve as soon as practicable a copy of this Order on:

a. Attorney Brian Z. Taylor by telefax (252-637-7548) and/or email (Btaylor@whiteandallen.com); and

b. the U.S. Marshal for this district and Deputy Marshal Jonathan Payne by hand delivery or email.

This 16th day of December 2019.

James E. Gates
United States Magistrate Judge