UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:17-CR-5-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Government's Response to** |
| | ) | **Defendant's Motion for Order** |
| SANJAY KUMAR | ) | **Regarding Interview of Defendant** |
| | ) | |
| _____ | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to the Defendant's Motion for Order on Request to Interview Defendant in Custody at Docket Entry 447.

In support of this response, the United States shows unto the Court as follows:

**Argument**

The Courts have routinely held that a defendant's Constitutional rights are not infringed upon by a policy that restricts media access to inmates beyond the means regularly afforded to the public. *See Pell v. Procunier*, 417 U.S. 817 (1974); *see also Saxbe v. Washington Post Co.*, 417 U.S. 843 (1974). In *Pell*, the Court concluded that there is no affirmative duty of the government "to make available to journalists sources of information not available to members of the public generally." *Pell*, 417 U.S. at 834-35. The Court in *Saxbe* reasoned that as long the policy regarding interviews or media access does not deny the press access to information available to

the general public, "it does not abridge the freedom that the First Amendment guarantees." *Saxbe*, 417 U.S. at 850.

In this case, there has been no showing by the defendant that any policy regarding the access to detainees by the press, whether by the United States Marshals Service (USMS) or the Pamlico County Jail,[1] is more restrictive than those policies governing the general public's access to inmates. The defendant is still afforded the same procedures as everyone else, but again is asking for special treatment in this case.

The USMS has been advised that the Pamlico County Sheriff's Office is opposed to the relief sought by the defendant as a matter of policy. The Government believes that the parties in control of the facility and the defendant's person are in the best position to determine the policies and procedures for allowing interview crews, with cameras and equipment, into the secure facilities used to house defendants in federal custody. The USMS and Pamlico County Jail oversee the custody of the defendant, and hundreds of others, on a day to day basis. They can appropriately determine any risks or hazards presented to this defendant, the others in custody, or staff, in allowing this kind of special access. In this regard, the Government defers to the judgment of those parties, who have indicated that they are opposed to the relief requested by the defendant.

In addition, the Government is opposed to the relief requested by the defendant because there are serious concerns that the defendant, as shown through his

---

[1] This is the facility currently housing the defendant, as of January 31, 2020.

continued behavior, would violate the Protective Order that governs the discoverable information in this case.[2] The Protective Order is still in place, as the defendant is awaiting sentencing, scheduled for March 6, 2020.

## Conclusion

WHEREFORE, for the reasons stated above, the Government respectfully requests that the Court deny the Defendant's Motion for Order on Request to Interview Defendant in Custody at Docket Entry 447.

Respectfully submitted, this the 31st day of January, 2020.

                                               ROBERT J. HIGDON, JR.
                                               United States Attorney

           BY:     /s/ Nick J. Miller
                    NICK J. MILLER
                    ADAM F. HULBIG
                    Assistant United States Attorneys
                    Criminal Division
                    310 New Bern Avenue, Suite 800
                    Raleigh, North Carolina 27601
                    Telephone: 919-856-4530
                    nick.miller@usdoj.gov
                    adam.hulbig@usdoj.gov

---

[2] The Court is familiar with the defendant's attempts to circumvent the Protective Order (D.E. 21) as referenced in the Government's Response to Modify the Protective Order (D.E. 426) and the Court's own rulings at Docket Entries 433 and 434.

## Certificate of Service

This is to certify that a copy of the foregoing Response to Defendant's Motion to Modify the Protective Order, has on this 31st day of January, 2020, been filed via CM/ECF, which will provide notice of such filing to counsel for the Defendant:

Deborrah L. Newton
Newton Law
557 East Edenton Street
Raleigh, NC 27601
919-931-2294
Email: newtonatlaw1@aol.com

                                      ROBERT J. HIGDON, JR.
                                      United States Attorney

BY:   /s/ Nick J. Miller
         NICK J. MILLER
         ADAM F. HULBIG
         Assistant United States Attorneys
         Criminal Division
         310 New Bern Avenue, Suite 800
         Raleigh, North Carolina 27601
         Telephone: 919-856-4530
         nick.miller@usdoj.gov
         adam.hulbig@usdoj.gov

4

Case 4:17-cr-00005-FL   Document 452   Filed 01/31/20   Page 4 of 4