IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:17-CR-5-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER ON REQUEST FOR** |
| ) | **INTERVIEWS OF DEFENDANT** |
| SANJAY KUMAR, ) | |
| ) | |
| Defendant. ) | |

This case comes before the court on defendant's motion (D.E. 447) to allow two in-custody videotaped interviews of him by UNC-TV, including other related videotaping, before and after his sentencing. UNC-TV had contacted defendant's counsel about conducting the interviews, albeit on somewhat different terms than proposed in the motion, for a documentary series it states it is preparing on opioid use in North Carolina. *See* Mot. 1 ¶ 1; UNC-TV Request for Filming (D.E. 447-1) 1. The government has filed a response (D.E. 452) opposing the interviews. The motion will be allowed in part and denied in part.

To protect the confidentiality of information regarding former patients of defendant, the confidentiality of other information, and for other reasons, the court has entered orders in this case placing restrictions on defendant's use of case-related materials.[1] *See* Protect. Ord. (D.E. 21); Supp. Protect. Ord. As noted in the Supplemental Protective Order, defendant has professed his intention to use case-related materials as he chooses, including disclosure to third parties, irrespective of court directives prohibiting such use. Supp. Protect. Ord. 1. The substantial risk that defendant would disclose during the proposed videotaped interviews information that the court

---

[1] Terms, including "case-related materials," which are defined in the Supplemental Protective Order (D.E. 434) shall have the same meaning in this Order as in the Supplemental Protective Order.

has prohibited him from disclosing precludes the court from approving them. Further, the present jail facility has reported that it cannot safely accommodate the videotaped interviews.

The risk of improper disclosure by defendant can appropriately be addressed by conducting the interviews by means of written questions, analogous to a deposition by written questions under Rule 31 of the Federal Rules of Civil Procedure. In addition, this format is a feasible one for the present jail facility; it is consistent with the arrangements already in place at that facility under the Protective Order and Supplemental Protective Order. The court therefore approves the interviews in a written-question format.

In reaching this determination, the court has carefully considered the First Amendment rights of defendant and the press, including UNC-TV. It finds that disapproval of the videotaped interviews and approval of the interviews by written questionnaire in their place comport with and do not violate the First Amendment rights of either defendant or the press. *See Saxbe v. Wash. Post Co.*, 417 U.S. 843 (1974) ("[N]ewsmen have no constitutional right of access to prisons or their inmates beyond that afforded the general public." (quoting *Pell v. Procunier*, 417 U.S. 817, 828, 834 (1974))); *Pell*, 417 U.S. at 828, 834 (finding that where inmate had alternative channel for communication, i.e., mail, the restriction against in-person press interviews was not unconstitutional and that "newsman have no constitutional right of access to prisons or their inmates beyond that afforded the general public").

The following procedures shall apply to each interview of defendant by UNC-TV by written questions while defendant is housed in the present jail facility: UNC-TV shall provide to defendant's counsel a list of the questions it wants defendant to answer ("interview questionnaire"). Defendant's counsel shall provide defendant the interview questionnaire as soon as reasonably practicable after she receives it from UNC-TV.

2

At the present jail facility, each interview questionnaire and defendant's answers thereto shall be treated as case-related materials subject to § I.1-4 of the Supplemental Protective Order. These provisions provide, in part and on the terms specified, defendant be permitted access to case-related materials at the present jail facility only in the reviewing room and during meetings with his counsel. Defendant's answers shall be treated as notes under § I.4 of the Supplemental Protective Order. This provision requires, in part and on the terms specified, that on a daily basis defendant turn over notes he composes to the present jail facility for storage in the reviewing room.

After defendant completes his answers to the interview questionnaire and defendant's counsel believes they do not contain information protected from disclosure to the public, defendant's counsel shall serve on the government's counsel a copy of the interview questionnaire with defendant's answers, which shall be typed. The interview questionnaire and answers shall be accompanied by a certification signed by defendant's counsel, made in good faith after reasonable inquiry, that the answers do not contain any government discovery or information therefrom, personal identity information (other than that for defendant), or other information protected from disclosure to the public by the Protective Order, Supplemental Protective Order, or otherwise.

If the government believes that defendant's answers contain any information whose disclosure to the public is prohibited by the Protective Order, Supplemental Protective Order, or otherwise, the government shall file under seal an objection to the disclosure of such portion of defendant's answers along with a proposed redacted version of defendant's answers reflecting redaction of the information the government believes is not properly disclosable. The objection shall be filed with a supporting memorandum. The government shall file any such objection and memorandum within seven days after service of the interview questionnaire and defendant's answers on the government's counsel and only after conferral with defendant's counsel in a good

3

faith effort to resolve the objection without court intervention. Within seven days after filing by the government of an objection, defendant may file a response to it. If the government does not believe the answers contain any information prohibited from public disclosure or if the government and defendant's counsel reach an agreement on a redacted version of the answers, the government shall file by the foregoing objection deadline a notice to that effect accompanied by any agreed-upon redacted version of defendant's answers.

After consideration of each filing made, the court will enter an order providing for release to UNC-TV of defendant's answers to the interview questionnaire with such redactions, if any, it finds appropriate. Pending entry of such order, defendant shall not disclose the questionnaire or his answers thereto to any person other than defendant's counsel, and defendant's counsel and the government's counsel shall not disclose the questionnaire or defendant's answers except as provided in this Order.

In sum, for the reasons and on the terms stated above, IT IS ORDERED that defendant's motion (D.E. 447) is ALLOWED IN PART and DENIED IN PART.

The Clerk's Office is DIRECTED to serve as soon as practicable a copy of this Order on the U.S. Marshal for this district and Deputy Marshal Payne by hand delivery or email. The U.S. Marshals Service in this district shall provide a copy of this Order to the appropriate official(s) at the present jail facility with responsibility for enforcing the term of this Order.

This 3rd day of February 2020.

James E. Gates
United States Magistrate Judge