IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:17-CR-5-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER ON DEFENDANT'S ACCESS** |
| | ) | **TO PSR** |
| SANJAY KUMAR, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court, pursuant to its 10 January 2020 Order (D.E. 444), for determination whether defendant should be granted access to his Presentence Investigation Report ("PSR") at the present jail facility[1] outside of meetings with his counsel or the reviewing room, as defendant has requested (*see* D.E. 439), and, if so, what, if any, redactions should be made in the copy of the PSR to which defendant is given such access. The Supplemental Protective Order already provides defendant each day up to six hours of access to case-related materials, including the unredacted PSR, when meeting with his counsel and up to one-and-a-half hours when in the reviewing room without his counsel. *See* Supp. Protect. Ord. § I.1 & 2.

Pursuant to the 10 January 2020 Order, the government filed a copy of the PSR with its proposed redactions (D.E. 446) in the event the court were to permit defendant the access he requests, but stated in an accompanying memorandum that it preferred, in the alternative, that defendant be given access to the unredacted PSR in the area for meetings with counsel whether or not his counsel was present. In his response (D.E. 448) to the government's submission, defendant stated his agreement to the government's proposed redactions. He also requested that the court

---
[1] Terms, including "present jail facility," which are defined in the Supplemental Protective Order (D.E. 434) shall have the same meaning in this Order as in the Supplemental Protective Order.

approve the additional access in the counsel meeting area suggested by the government, but in addition to the proposed redactions, not in lieu of them.

The government's alternative proposal for extended access in the counsel meeting area is not feasible. As referenced in the Supplemental Protective Order, the access to case-related materials that Order already provides defendant is the maximum of which the present jail facility is capable. *See* Supp. Protect. Ord. 1 (stating that the provisions therein "reflect the configuration and capabilities of the jail facility at which defendant is presently housed").

The court finds that redactions can be made in the PSR that would make it appropriate for defendant to have access to it outside of meetings with his counsel and the reviewing room. The redacted version of the PSR to which defendant may have access is filed under seal contemporaneously with this Order ("court-redacted PSR"). It includes the uncontested redactions proposed by the government and additional redactions. The court finds that all the redactions reflected in this version of the PSR are necessary to adequately safeguard against the unauthorized disclosure by defendant of patient information and other information whose confidentiality is protected by the Protective Order, Supplemental Protective Order, or otherwise.

Defendant's access to the court-redacted PSR shall be subject to the following provisions:

1. Defendant's counsel shall be responsible for delivering a copy of the court-redacted PSR to defendant. If the present jail facility so requests, the copy shall be on paper of a color other than white that the facility specifies to facilitate identification of the copy.

2. Defendant may have access to the court-redacted PSR outside of meetings with his counsel and the reviewing room to the extent permitted by the rules of the present jail facility.

3. Defendant shall not make, or have anyone make for him, any copies of the court-redacted PSR.

4. Defendant shall not disclose the court-redacted PSR to anyone other than his counsel.

5. Any notes defendant composes regarding the court-redacted PSR shall be treated as notes subject to Supplemental Protective Order § I.4. This provision requires, in part and on the terms specified, that on a daily basis defendant turn over notes he composes to the present jail facility for storage in the reviewing room.

6. Defendant shall not make any notes on the court-redacted PSR. If he does, the entire court-redacted PSR shall be treated as notes subject to Supplemental Protective Order § I.4 and the entire court-redacted PSR shall thereby be treated as case-related materials subject to Supplemental Protective Order § I.1-4. These provisions provide, in part and on the terms specified, defendant be permitted access to case-related materials at the present jail facility only in the reviewing room and during meetings with his counsel.

The Clerk's Office is DIRECTED: (1) to file this Order as a publicly available document; (2) to file the court-redacted PSR under seal; (3) to serve as soon as practicable a copy of the court-redacted PSR on counsel for defendant and on counsel for the government; and (4) to serve as soon as practicable a copy of this Order and the court-redacted PSR on the U.S. Marshal for this district and Deputy Marshal Payne by hand delivery or email. The U.S. Marshals Service in this district shall provide a copy of this Order and the court-redacted PSR to the appropriate official(s) at the present jail facility with responsibility for enforcing the term of this Order.

This 4th day of February 2020.

_____
James E. Gates
United States Magistrate Judge