IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:17-CR-5-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SANJAY KUMAR, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on two motions by the government (D.E. 451, 467) to unseal a total of 24 letters defendant himself has submitted to the court, which are at docket entries 411, 413, 415, 418-21, 423, 425, 427, 429, 430, 432, 436, 437, 449, 450, 453, 454, 458, 461, 463, 464, and 466.[1] Defendant has not filed a response to either motion, and the time for doing so has expired.

Although the government couches its motions in terms of unsealing the letters without limitation pursuant to *In Re Knights Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984), the gravamen of the motions is its acquisition of access to the letters. The court agrees that the government should be given access. Defendant did not request at the time he submitted the letters to the court that they be withheld from the government, and he filed no opposition to the government's motions. The attorney-client privilege does not preclude giving the government access to any portions of the letters containing attorney-client communications because defendant waived any attorney-client privilege with respect to the letters by disclosing them to the court as a third party. *See, e.g., United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) ("Any disclosure inconsistent with

---

[1] Although in the first of its motions the government included the filing at docket entry 422 among those it sought to be unsealed, this filing is not a letter from defendant, but an unsealed order. The first motion will therefore be denied as to docket entry 422.

maintaining the confidential nature of the attorney-client relationship waives the attorney-client privilege.").

Further, the letters are discussed in the draft Presentence Investigation Report (D.E. 435) ¶ 110. Because the letters are thereby involved in the sentencing process, the government cannot now justly be deprived of access to them. For this and the other reasons stated, the motions will be allowed to the extent of giving the government access to the letters defendant has already submitted to the court.

The court again admonishes defendant that because he is represented by counsel, he shall not send letters to the court and that doing so subjects him to sanctions. In the event defendant does submit additional letters to the court, the government will be given access to them.

Because the government's position regarding the provision of public access to the letters defendant has already submitted and any future letters he submits is unclear, the court is providing herein for briefing on that issue.

IT IS THEREFORE ORDERED as follows:

1. The Clerk shall serve on counsel of record for the government a copy of defendant's letters at docket entries 411, 413, 415, 418-21, 423, 427, 429, 430, 432, 436, 437, 449, 450, 453, 454, 458, 461, 463, 464, and 466. Such service shall be made on 19 March 2020, unless otherwise ordered by the court.

2. The letters at the docket entries listed in paragraph 1 shall remain under seal pending further order of the court. The government shall file by 26 March 2020 a memorandum setting out its position with supporting legal authorities regarding the continued sealing as to the public of the letters at these docket entries. The government shall address specifically the extent to which, if any, the presence in any such letters of information protected against public disclosure

under the Protective Order (D.E. 21) and Supplemental Protective Order (D.E. 434) in this case requires that such letters be sealed. Defendant may file a memorandum in response to the government's memorandum within 7 days after service of the government's memorandum on him.

3. The Clerk shall serve on counsel of record for the government any additional letters (*i.e.*, any letters beyond those at the docket entries listed in paragraph 1) defendant submits to the court. Unless otherwise ordered by the court, service of any additional letters submitted on or before 19 March 2020 shall be made on 19 March 2020 and service of any additional letters submitted after 19 March 2020 shall be made as soon as practicable after submission of the letter to the court.

4. Any additional letters submitted by defendant shall be filed under temporary seal. Within 7 days after service of any additional letter on counsel of record for the government, a party seeking to have the letter permanently sealed as to the public shall file a motion seeking such relief and a supporting memorandum. The other party may file a memorandum in response within 7 days after service of the motion on such party.

5. Except as expressly allowed herein, the government's motions are denied.

This 13th day of March 2020.

James E. Gates
United States Magistrate Judge