IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:17-CR-5-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SANJAY KUMAR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the government's notice of efforts to comply with the court's October 1, 2019, order, which directs immediate release to defendant of, inter alia, $594,985.00 in seized funds (the "funds"). The government reports that in order to effectuate an Automated Clearing House ("ACH") electronic funds transfer of the funds to a PNC Bank account where the parties understand defendant maintains an account, it is necessary to obtain a court order authorizing confirmation of the account and the transfer of funds, among other possible alternatives. Defendant responded to the notice confirming that he also wishes to have such a court order. Accordingly, for good cause shown, the court hereby orders as follows:

1. The court AUTHORIZES PNC Bank to confirm that PNC Bank maintains an open deposit account for defendant, if any, by completing the "Financial Institution" section of a Standard Form 3881, providing said account number, American Bankers Association ("ABA") routing number, and signature of a bank employee, and returning it to Ms. Sheri Lancaster, agent with the Internal Revenue Service Criminal Investigation ("IRS-CI"), or to Deborrah L. Newton, counsel for defendant.

2. If PNC Bank previously maintained an open deposit account for defendant, but such deposit account has been closed or designated inactive, the court AUTHORIZES PNC Bank to reopen said deposit account for purposes of accepting the funds subject of this order.

3. The court AUTHORIZES PNC Bank to accept the funds for deposit in defendant's PNC Bank deposit account.

4. If the above authorizations are insufficient to effectuate transfer of the funds to defendant, the court AUTHORIZES PNC Bank, the government, and counsel for defendant, to take all further and additional steps necessary to effectuate transfer of the funds to defendant, as required by the court's October 1, 2019, order. (See, e.g., Order (DE 403) at 10 ("[T]he court denies the government's motion for restraining order and grants defendant's motion to release property, ordering immediate release of . . . the seized $594,985.00.") (emphasis added)).

5. The court DIRECTS the government to provide a notice, within **14 days** of the date of this order, reporting on the status of the transfer of the funds to defendant.

SO ORDERED, this the 31st day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge