IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:17-CR-5-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SANJAY KUMAR, | ) | |
| | ) | |
| Defendant. | ) | |

On 16 March 2020, the court entered an order (D.E. 472) providing for the unsealing as to

the government of letters filed by defendant (*i.e.*, the letters at D.E. 411, 413, 415, 418-21, 423,

427, 429, 430, 432, 436, 437, 449, 450, 453, 454, 458, 461, 463, 464, and 466), but leaving open

for further briefing the issue of whether the letters should remain sealed as to the public. The

government filed a memorandum (D.E. 473) on this issue as directed, contending that the letters

should remain sealed as to the public. Defendant did not file a response to the government's

memorandum, and the time for doing so has expired. The issue of continued sealing of the letters

as to the public is now ripe for resolution.

The right of public access in criminal cases derives independently from the First

Amendment and the common law. *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*,

707 F.3d 283, 290 (4th Cir. 2013) (citing *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567,

575 (4th Cir. 2004)).

> "The distinction between the rights of access afforded by the common law and the
> First Amendment is 'significant,' because the common law 'does not afford as
> much substantive protection to the interests of the press and the public as does the
> First Amendment.'" *Id.* (quoting [*Baltimore Sun Co. v.*] *Goetz*, 886 F.2d [60,] 64;
> *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988)).
> Specifically, the common law presumes a right to access all judicial records and
> documents, but this presumption can be rebutted if "the public's right of access is
> outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235
> (4th Cir. 1984); *see United States v. Moussaoui*, 65 F. App'x 881, 886 (4th Cir.

2003) (unpublished). On the other hand, the First Amendment provides a right of access only to particular judicial records and documents, and this right yields only in the existence of a "compelling governmental interest . . . [that is] narrowly tailored to serve that interest." *Va. Dep't of State Police*, 386 F.3d at 575.

*Id.* "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *Id.*

Here, on the threshold issue of whether the letters qualify as judicial records, the court finds that they do. As the court noted in its 16 March 2020 Order, "the letters are discussed in the draft Presentence Investigation Report (D.E. 435) ¶ 110" . . . and "are thereby involved in the sentencing process." 16 Mar. 2020 Ord. 2.

Turning to the common law right of access, the presumption applies to the letters because they are judicial records. *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d at 290. But the presumption of access is not absolute, and its scope is a matter left to the discretion of the district court. *Va. Dep't of State Police*, 386 F.3d at 575. The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Here, defendant's letters are largely complaints about specific people related to his case and do not pertain to public matters. Public disclosure would disseminate these complaints without regard to their merit. Defendant was obviously not subject to safeguards on the accuracy of

2

statements in the letters such as those in Rule 11(b) of the Federal Rules of Civil Procedure when he prepared them.

Additionally, in some instances, the letters appear to address discovery defendant received from the government that the court has ordered not to be disseminated to third parties pursuant to its Protective Order (D.E. 21) and Supplemental Protective Order (D.E. 434). Further, providing the public access to the letters would tend to undermine the role of defendant's attorney as his representative and spokesman in this case.

Public disclosure would also raise the specter of ancillary proceedings in which the persons defendant criticizes in his letters seek to defend themselves. Such proceedings could be significant in scope given the number and length of defendant's letters. Moreover, there are no set procedures for such proceedings. The proceedings could therefore consume significant judicial and other resources while doing little, if anything, to bring closer to resolution the matters remaining at issue in this case. For this and the other reasons stated, the court finds that the common law right of access has been overcome.

Turning then to the First Amendment right of access, the Fourth Circuit employs the two-prong "experience and logic" test to determine whether this right of access applies to documents and proceedings. *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d at 291. That test

> ask[s]: "(1) 'whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *Goetz*, 886 F.2d at 64 (quoting *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-10, 106 S. Ct. 2735, 92 L.Ed.2d 1 (1988)).

*Id.* Both the experience and logic prongs must be met for First Amendment access to exist. *Id.*

3

In this case, neither prong is satisfied. As to the experience prong, to the court's knowledge, letters from represented defendants are typically not disclosed to the public or the press. As to the logic prong, defendant's letters do not address directly, if at all, the substance of his sentencing and therefore bear only a tangential relationship to it. Therefore, it cannot be said that public access to the letters would "play[] a significant positive role in the functioning" of his sentencing. *Id.*

Even if the letters were deemed to fall under the First Amendment right of access, compelling government interests would override such access. As reviewed above in connection with the common-law right of access, they include protecting the confidentiality of sensitive discovery, avoiding undue prejudice to those criticized in the letters, upholding the role of defense counsel in criminal cases, and maintaining judicial efficiency. The court has considered measures more narrowly tailored than sealing to adequately protect these interests, but finds that none are adequate.

In addition to the foregoing requirements for sealing, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, the 16 March 2020 Order provided notice to the public that defendant's letters might remain under seal. No opposition to the sealing of the letters to the public has been filed despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* As noted, the court has considered alternatives to continued sealing of the

letters as to the public, but it finds that the considerations overcoming both the common-law right of access and the First Amendment right of access preclude any such alternatives.

IT IS THEREFORE ORDERED that defendant's letters at D.E. 411, 413, 415, 418-21, 423, 427, 429, 430, 432, 436, 437, 449, 450, 453, 454, 458, 461, 463, 464, and 466 shall remain under seal.

This 30th day of April 2020.

James E. Gates
United States Magistrate Judge