IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:17-CR-5-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SANJAY KUMAR, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the oral pro se motion by defendant at his sentencing hearing seeking an accounting of funds belonging to him held in the trust account of his attorney, Deborrah L. Newton ("defendant's counsel"). This is one of several oral motions defendant made at his sentencing hearing that were referred for disposition to the undersigned magistrate judge. *See* Unnumbered 19 Oct. 2020 D.E. At the court's direction (*see* D.E. 588), defendant's counsel filed an omnibus memorandum (D.E. 593) in support of defendant's oral motions. The government filed a response (D.E. 613), and defendant later supplemented (*see* D.E. 599, 602) the supporting omnibus memorandum.

Defendant's omnibus memorandum as supplemented does not address the motion for an accounting of his funds in defendant's counsel's trust account. While the government does mention the motion in its memorandum, it takes no position on it. Gov.'s Mem. 15. The motion will be allowed on the terms set out below.

Local Criminal Rule 57.1(j) provides that the ethical standard governing the practice of law in this court is the North Carolina Revised Rules of Professional Conduct. L. Crim. R. 57.1(j), E.D.N.C. The Revised Rules provide in relevant part:

> Accountings for Trust Funds. The lawyer shall render to the client a written accounting of the receipts and disbursements of all trust funds (i) upon the complete disbursement of the trust funds, (ii) at such other times as may be reasonably

requested by the client, and (iii) at least annually if the funds are retained for a period of more than one year.

N.C. Rev. R. Prof'l Conduct 1.15-3(e).

The requirements under Rule 1.15-3(e) for the mandatory provision of an accounting are met here. Defendant's pro se motion for an accounting obviously constitutes a request by him for an accounting. Further, the court finds that the present is a reasonable time for such a request. Among other reasons, proceedings in this case in this court are near an end and defendant's counsel's representation is therefore ending. *See id.* 1.15-3(e)(ii).

It is therefore ORDERED as follows:

1. Defendant's pro se motion for an accounting of his funds in defendant's counsel's trust account is ALLOWED on the terms set forth herein;

2. Defendant's counsel shall serve on defendant no later than 4 December 2020 a written accounting of the receipts and disbursements of all funds belonging to defendant (including any funds subject to a writ of garnishment) held in her trust account as to which she has not previously provided defendant a written accounting; and

3. On the date of service of the accounting on defendant, defendant's counsel shall file with the court a notice certifying to such service.

This 19th day of November 2020.

James E. Gates
United States Magistrate Judge

2