IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:17-CR-5-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SANJAY KUMAR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for access to presentence report and other sealed documents (DE 636) ("motion for access"), and defendant's emergency motion for an order of enforcement regarding delivery of legal materials, laptop computer, and protected discovery, and directing warden of FCI Butner Low to accept and deliver to defendant (DE 639) ("emergency motion"). The government has filed an expedited response to the emergency motion as directed by the court. In this posture the issues raised are ripe for ruling. For the following reasons, the emergency motion is allowed in part, denied in part, and dismissed in part for lack of jurisdiction. Defendant's motion for access to presentence report and other sealed documents is dismissed for lack of jurisdiction.

**BACKGROUND**

The court summarizes the procedural history of the case as pertinent to the instant motions. Indictment was returned in this case on January 12, 2017. Upon the government's motion, the court entered a protective order on February 1, 2017, (the "protective order") which placed limitations on the disclosure of "discovery material" provided by the government in this case. (DE 21 at 1-2). The protective order includes the following provisions:

> Counsel for the defendant ("counsel"), and anyone else directly or indirectly receiving the discovery from the Government, shall not copy, disclose, or otherwise make available any documents in this case or information from those documents to any person who is not: (a) an attorney or staff member of counsel's office who is then working on this case; (b) a person otherwise employed or contracted by counsel's office to work on this case; or (c) a Defendant.
>
> \* \* \*
>
> Discovery material provided by the United States may be utilized by counsel for the Defendant solely in connection with the preparation, trial, sentencing, direct appeal, and collateral attack of this case, and for no other purpose and in connection with no other proceeding.

(DE 21 at 1, 2).

On February 22, 2018, the operative second-superseding indictment ("indictment") was returned, charging defendant with the following 45 counts:

1. conspiracy to unlawfully dispense and distribute oxycodone, oxymorphone, hydromorphone, and alprazolam in violation of 21 U.S.C. § 846 (count one);

2. possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (counts two and 24);

3. unlawful dispensation and distribution of oxycodone and unlawful dispensation and distribution of alprazolam in violation of 21 U.S.C. § 841(a)(1) (counts three through 23, and 25 through 30);

4. engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957, and laundering of monetary instruments in violation of 18 U.S.C.§ 1956(a)(1)(B)(i), (ii) (counts 31 through 42);

5. attempt to evade and defeat tax in violation of 26 U.S.C. § 7201 (counts 43 through 45).

(DE 86).

Trial concluding August 12, 2019, spanning 26 days, including four days during which the jury deliberated its verdict, resulted in the jury finding defendant guilty of five counts of unlawful

distribution of oxycodone in violation of 18 U.S.C. § 841(a)(1) (counts three, four, five, nine, and 11), five counts of money laundering by concealment in violation of 18 U.S.C. § 1956(a)(1)(B)(i)-(ii) (counts 33, 34, 35, 39, and 40), and three counts of tax evasion in violation of 26 U.S.C. § 7201 (counts 43, 44, and 45). Not guilty verdicts were returned on the 32 other counts lodged against defendant.

After several extensions, the court set sentencing to commence September 4, 2020.[1] In the meantime, on December 16, 2019, the court denied defendant's motion to modify the protective order, in part "to be able to use the materials in civil litigation he may bring (other than a collateral attack relating to this case)." (DE 433 at 2). In so holding, the court noted, "[i]n any such litigation . . . defendant will have available the means of civil discovery to attempt to obtain materials in the government discovery." (Id. at 3). In addition, the court noted:

> Defendant has, of course, had access to the government discovery in prior proceedings in this case. He will continue to have access under the Protective Order. To help ensure that access as well as compliance with the Protective Order, the court is entering contemporaneously herewith a Supplemental Protective Order setting out specific procedures for handling government discovery based on the terms of the Protective Order.

(Id.). That same date, the court entered the referenced Supplemental Protective Order, which provided supplemental provisions that "reflect the configuration and capabilities of the jail facility at which defendant is presently housed ('present jail facility'), based on information obtained from the U.S. Marshals Service, and other current circumstances. . . ." (DE 434 at 1). Such provisions

---

[1] Sentencing initially was scheduled to commence January 6, 2020, but then continued upon defendant's motion to a date to be determined. The court then set sentencing to take place March 6, 2020. On February 27, 2020, again upon defendant's motion, the court continued sentencing to a date to be determined. The court then set sentencing to take place April 30, 2020. Then, on the court's initiative, the court set sentencing for the September 8, 2020 term of court. On August 6, 2020, the court entered a scheduling order set sentencing to commence September 4, 2020, providing an August 28, 2020, deadline for filing sentencing memoranda and other materials pertaining to sentencing.

included access for defendant of "[e]lectronic copies of government discovery on a laptop," in a "reviewing room" "at the present jail facility." (Id. at 2).

On September 3, 2020, the day before the scheduled sentencing hearing, the court entered an order regarding disposition of "case-related materials available for defendant's use" upon anticipated relocation of defendant from the Pamlico County jail, to the custody of the United States Marshals Service during and after sentencing. (DE 573 at 1). In particular, the court directed the United States Marshals Service to "coordinate access by defendant and defendant's counsel to the materials at the courthouse for use by defendant and defendant's counsel for purposes of the upcoming sentencing." (Id. at 2). The court held in abeyance "ruling on that portion of the [defendant's] motion seeking an order for disposition of the materials after sentencing." (Id. at 2-3). The court noted, however, that the protective order "allows defendant continuing access to the materials for appeal and collateral proceedings." (Id. at 3).

The court held sentencing in this case over a period of two days, on September 4, 2020, and September 8, 2020, separated by an intervening three-day weekend. On September 8, 2020, the court entered judgment sentencing defendant to a 240 month term of imprisonment, three year term of supervised release, $1,300.00 special assessment, $50,000.00 fine, and $471,758.40 restitution.

That same date, the court entered an order regarding disposition of "materials in defendant's possession at jail prior to sentencing" (hereinafter, "defendant's materials.") (DE 576 at 1). In particular, the court ordered as follows:

> In accordance with defendant's motion, and as suggested at sentencing today, based upon input by defendant pro se, and defendant's counsel, defendant wishes to transfer custody to said materials to attorney Brian Taylor [hereinafter, "Taylor"], who provides representation to defendant in matters not now before this court. These materials shall be enumerated specifically in the addendum hereto to be completed by defendant and attorney [Taylor]. (See Addendum). Where the

government does not object to the transfer of materials, the court memorializes herein the agreement by defendant and attorney [Taylor] to such transfer of custody, subject to the terms of the court's protective orders.

[Taylor] agrees to maintain custody of the materials in accordance with the terms of the court's February 1, 2017, protective order and December 16, 2019, supplemental protective order. Request for modification of this order regarding protocols for subsequent transfer of materials to defendant while in custody of the Federal Bureau of Prisons shall be made in writing by defendant, through the office of [Taylor], and reflect the position of the government.

(September 8, 2020, order (DE 576) at 1-2; see Addendum (DE 576 at 3-5)) (hereinafter, the "September 8, 2020, order"). Also on that same date, defendant filed a notice of appeal.[2]

Defendant filed the instant motion for access to PSR and other sealed materials on June 18, 2021, seeking an order allowing Paul Tallini ("Tallini") of "American Litigation Consultant LLC" to access defendant's PSR and "other sealed documents." (DE 636 at 1). In support of the motion, defendant states: "Tallini and American Litigation Consultant LLC are assisting the defendant in the preparation of his pro-se direct appeal in order to present nonfrivolous issues to the 4th Circuit Court of appeals." (Id.). "Without complete access to the record, this will be impossible to do and legitimate issue may be waived that should have been raised." (Id.).

On June 29, 2021, defendant filed the instant emergency motion, seeking the following four categories of relief:

---

[2] Further, unrelated to the instant motions, subsequent to filing of notice of appeal, the court entered the following orders: 1) September 11, 2020, order referring three oral motions made by defendant regarding accounting and disposition of property to a magistrate judge for ruling, and directing briefing on a motion filed by the government for confiscation, forfeiture, and disposal of firearms; 2) September 15, 2020, memorandum opinion memorializing the court's rulings at sentencing; 3) October 14, 2020, order denying the government's motion for confiscation, forfeiture, and disposal of firearms; 4) October 16, October 22, November 20, and December 23, 2020, orders regarding the government's application for writ of garnishment; 5) November 19, 2020, order granting in part defendant's pro se oral motion for accounting of funds held in trust account; 6) December 4, 2020, order denying as moot defendant's pro se oral motion for accounting from the government; 7) January 5, 2021, order granting defendant's pro se oral motion for transfer of funds in trust account to attorney Taylor; and 8) March 5, 2021, order denying defendant's oral renewed motion for return of property.

> 1. To allow counsel, [Taylor], to deliver all materials now in his possession pursuant to the September 8, 2020 Order to Defendant by delivering said materials to the officials at Butner (Tamara Lynn, Warden, or her designee).
>
> 2. To order Tamara Lynn, Warden at Butner, or her designee, to accept and preserve all such materials for the benefit of Defendant and to allow Defendant immediate physical custody and unrestricted access to his legal papers. Should the Court require his laptop computer and other electronic media (flash drives, compact discs, external hard drives) be held in custody, then Defendant shall be provided reasonable access thereto for a period of at least six (6) hours per day immediately to allow Defendant to prepare his appeal to the Fourth Circuit Court of Appeals. Any failure by Tamara Lynn or her designee to comply with this Order shall be grounds for contempt.
>
> 3. To allow American Litigation Consultant LLC/Paul Tallini to have access to the materials which are subject to the September 8, 2020 Order together with any further sealed documents, including all sentencing related materials, and pre-sentencing report and any memoranda filed by any party in this matter so that they may assist Defendant with his appeal to the Fourth Circuit Court of Appeals.
>
> 4. To allow counsel, [Taylor], to have access to the materials which are subject to the September 8, 2020 Order so that he may assist Defendant with a civil matter pending in Craven County Civil Superior Court, bearing File No. 19-CvS-1015, involving Defendant's office landlord.

(DE 639 at 5-6).[3] The government responded to the instant emergency motion on June 30, 2021, deferring to the judgement of the court on issues related to the first two requests enumerated above. As for the third request, relating to access by Tallini, the government asks the court "to conduct further inquiry to determine whether [Tallini] is legally qualified to render the type of assistance that should necessitate his receipt and possession of such materials and whether the Court can be confident that such materials will not be further exposed or used for improper purposes." (DE 640 at 5). The government opposes the fourth request, citing this court's prior denial of defendant's motion to modify the protective order.

---

[3] The instant motion is filed by Taylor on "Limited Appearance to this Motion," (DE 639 at 6). Taylor also filed a notice of limited appearance for this purpose. (DE 638).

In the meantime, pertinent procedural history in the court of appeals following filing of the notice of appeal may be summarized as follows. The court of appeals denied defendant's application to proceed with court appointed counsel, on September 21, 2020. (See Case No. 20-4478). The court of appeals denied defendant's motion to reconsider that order, on November 17, 2020, and allowed defendant 90 days to retain counsel and pay the filing fee. The court of appeals allowed defendant extensions of time on February 12 and April 13, 2021. On May 17, defendant filed a status of counsel form stating that he had engaged Tallini to "help [defendant] with [his] direct appeal that is pending in the court of appeals." (Id. Doc. 23 at 1).

On May 19, 2021, the court of appeals acknowledged receipt of defendant's status of counsel form, notifying defendant that Tallini "is not an attorney admitted to practice before this court." (Id. Doc. 24 at 1). "As such," the court of appeals noted, "while he may assist you in the prosecution of your appeal, he may not enter an appearance on your behalf." (Id.). On June 3, 2021, defendant filed a status of counsel letter stating, inter alia, that he had paid Tallini to order transcripts. (Id. Doc. 25 at 3). Defendant also references an "ongoing denial of legal materials at the prison." (Id.).

On June 9, 2021, the court of appeals set a July 6, 2021, deadline for defendant's opening brief. On June 29, 2021, however, on defendant's motion, the court of appeals extended the time for filing defendant's opening brief to August 30, 2021. The court also struck a document filed on June 9, 2021, as defendant's opening brief, and directed the clerk to file said document as a motion. That motion, styled as an "omnibus motion to the appellate court," remains pending before the court of appeals. (Id. Doc 35). It includes the following motion for delivery of materials to him in prison "vis-a-vis [his] appeal preparation as well as collateral matters":

7

> (I)(B) MOTION TO SET MY LE[...]
> HAS 200+ PAGES OF O[...]
> EXHIBIT ATTACHED, MY D[...]
> FROM 2014-2016, DETAIL[...]
> THE DIST. CT. HAD OR[...]
> DELIVERED TO ME, I HA[...]
> AT BUTNER PRISON SINCE [...]
> NOT BEEN ABLE TO SET [...]
> AS A RESULT OF MY [...]
> APPEAL PREPARATION AS WEL[...]
> THIS MOTION WILL BE F[...]
> A COPY OF THAT TO ME [...]
> IF THE DIST. CT. FAIL[...]
> MAKE A RULING SO I [...]
> WITH MY CONDITION OR A [...]
> AN OFFSHOOT TO THIS IS M[...]
> + 600+ OF EMERIES A N[...]
> BE PROVIDED THAT ON A [...]
> PLUS INTO MY LAPTOP FOR [...]
> OAR PROCEEDINGS, A ME [...]
> TO DO WITH MY CASE)

(Id. Doc. No. 39 at 28).

**COURT'S DISCUSSION**

Before addressing the substance of the issues raised by the instant motions, the court considers as a threshold matter its jurisdiction to act upon them while the appeal is pending. "Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." Doe v. Pub. Citizen, 749 F.3d 246, 258 (4th Cir. 2014). "This rule fosters judicial economy and guards against the confusion and inefficiency that would result if two courts simultaneously were considering the same issues." Id.

The United States Court of Appeals for the Fourth Circuit has "recognized limited exceptions to the general rule that permit district courts to take subsequent action on matters that are collateral to the appeal, or to take action that aids the appellate process." Id. (citing Langham-Hill Petroleum Inc. v. S. Fuels Co., 813 F.2d 1327, 1331 (4th Cir. 1987) (recognizing request for attorney's fees raised issues collateral to the main cause of action); Grand Jury Proceedings Under Seal v. United States, 947 F.2d 1188, 1190 (4th Cir.1991) (holding that written order memorializing prior ruling and hearing on issue of attorney-client privilege were in aid to appeal)). "[H]owever, these exceptions are confined to a narrow class of actions that promote judicial efficiency and facilitate the division of labor between trial and appellate courts." Id. "A district court does not act in aid of the appeal when it alters the status of the case as it rests before the court of appeals." Id. (quotations omitted).

With these principles in mind, the court addresses in turn the separate categories of relief sought in the instant motions.

1.  Request for Personal Delivery of Defendant's Materials

Defendant seeks an order allowing Taylor to "deliver[]" defendant's materials to "the officials at Butner." (DE 639 at 5).

Regarding the court's jurisdiction to enter such an order, the court notes that defendant has made a similar request in his "Omnibus" motion now pending in the court of appeals. (Case No. 20-4478 Doc. No. 39 at 28). Thus, at the outset, this part of the motion raises a threshold issue of the court's jurisdiction to order the relief requested. Under the circumstances, the court determines that a limited ruling on this narrow part of defendant's motion falls within the exception for an order in "aid of the appeal." Doe, 749 F.3d at 258.

9

In particular, this part of defendant's emergency motion arises directly from the terms of the court's September 8, 2020, order, wherein the court permitted defendant to make a "[r]equest for modification of [the September 8, 2020] order regarding protocols for subsequent <u>transfer of materials</u> to defendant while in custody of the Federal Bureau of Prisons." (DE 576 at 2) (emphasis added). Accordingly, in the interest of taking "action[] that promote[s] judicial efficiency and facilitate[s] the division of labor between trial and appellate courts," <u>Doe</u>, 749 F.3d at 258, the court will exercise its jurisdiction to address the substance of this portion of defendant's motion.

With respect to the mechanism of delivery of defendant's materials, defendant asserts that officials at Butner informed Taylor that materials could not be delivered directly to defendant and that "everything should be mailed to Defendant." (DE 639 at 2). Defendant suggests that Taylor could not "simply mail the materials to the Defendant at Butner" under the terms of the court's September 8, 2020, order. (<u>Id.</u>).

Where the government takes no position on the issue, the court finds good cause to supplement its September 8, 2020, order, to facilitate delivery of defendant's materials to defendant. Nevertheless, the court declines defendant's suggestion to dictate the manner or mechanism by which Taylor shall be allowed to deliver defendant's materials to defendant while in Bureau of Prisons custody. Defendant does not cite any authority for altering Bureau of Prisons procedures and directives with respect to delivery and receipt of litigation materials. As a general matter, "[t]he task of determining whether a policy is reasonably related to legitimate security interests is peculiarly within the province and professional expertise of corrections officials." <u>Florence v. Bd. of Chosen Freeholders of Cty. of Burlington</u>, 566 U.S. 318, 328 (2012) (quotations omitted). "[I]n the absence of substantial evidence in the record to indicate that the officials have

exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters." Id.; cf. Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities.").

Accordingly, the court grants defendant's motion in limited part, to supplement its September 8, 2020, order with the following provision: Taylor is ALLOWED to deliver defendant's materials to defendant by mail, or by any other means as directed by the Bureau of Prisons.

2. Request for Order Directing Warden or Designee

Defendant next seeks an order directing the warden at Butner, or her designee, to accept and preserve defendant's materials, and to allow defendant immediate physical custody and unrestricted access, or other specific terms of access, under penalty of contempt of court.

This part of defendant's emergency motion exceeds the scope of the subject matter of the court's September 8, 2020, order, which concerned only the "transfer of materials to defendant while in custody of the Federal Bureau of Prisons." (DE 576 at 2) (emphasis added). It also exceeds the scope of the court's protective orders, which do not address terms of access while defendant is in custody of BOP. Indeed, the court's supplemental protective order was limited to the then "present jail facility." (DE 434 at 1). Likewise, while the protective order "allows defendant continuing access to the materials for appeal and collateral proceedings" (DE 573 at 3 (emphasis added); see DE 21 at 2), it does not dictate or require particular terms of such access, particularly while an appeal is pending.

This part of the emergency motion also directly impacts the manner and procedures by which defendant will prosecute his appeal. As stated in the motion, these are materials that defendant "needs in order for him and his legal advisors to identify issues to present on appeal," and they include "essential information critical to . . . appellate issues to present to the Fourth Circuit Court of Appeals." (DE 639 at 2). Further, according to defendant, the "laptop computer would allow Defendant to [inter alia] draft motions . . . and in general be used for the preparation of materials for his appeal to the Fourth Circuit Court of Appeals." (Id. at 4).

Because the instant request is for purposes of "allow[ing] Defendant to prepare his appeal to the Fourth Circuit Court of Appeals," (id. at 5), it is uniquely a "matter[] involved in the appeal." Doe, 749 F.3d at 258. Further, where defendant now has less than 60 days to decide on whether he will proceed pro se or with counsel, an order by this court concerning this part of the emergency motion may "alter[] the status of the case as it rests before the court of appeals." Id. (quotations omitted). Accordingly, the court lacks jurisdiction to provide the requested relief while the case is pending before the court of appeals. Therefore, the court dismisses for lack of jurisdiction this portion of defendant's motion.[4]

3. Request to Allow Tallini Access to Defendant's Materials

Defendant seeks an order allowing Tallini access to all of defendant's materials, in addition to any additional sealed materials, including the presentence report. In this respect, the instant

---

[4] In addition, and in the alternative, in the event this court has misjudged its jurisdiction over this part of the motion, the court forecasts that it would hold on the merits that it lacks authority under the law to provide the requested relief. Based on the authorities previously cited, the BOP is uniquely suited to determine the level of access permitted to defendant's materials. Florence, 566 U.S. at 328; Taylor, 34 F.3d at 268. Moreover, where defendant currently is serving his sentence imposed by this court, defendant's request for injunctive relief may need to be construed as a challenge to the execution of his sentence arising under 28 U.S.C. § 2241. See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004).

emergency motion and motion for access to presentence report overlap in part of the relief sought, and the court addresses them together.

A ruling by this court concerning access by Tallini to defendant's materials while the appeal is being pursued risks interfering with rulings already made by the court of appeals, and with issues of representation that are still undecided by the court of appeals. In particular, on May 19, 2021, the court of appeals acknowledged, but did not accept, defendant's status of counsel form, notifying defendant that Tallini "is not an attorney admitted to practice before this court." (Case No. 20-4478, Doc. 24 at 1). "As such," the court of appeals noted, "while <u>he may assist you in the prosecution of your appeal</u>, he may not enter an appearance on your behalf." (<u>Id.</u>) (emphasis added). This part of defendant's motion thus raises a question of interpretation of the order of the court of appeals. Whether allowing Tallini to assist defendant in "prosecution of [the] appeal" (<u>id.</u>), incorporates allowing Tallini to access sealed documents in the record on appeal, or defendant's materials in general, is a question that this court does not have jurisdiction to answer.

The government suggests that this court should "conduct further inquiry to determine whether Mr. Tallini is legally qualified to render <u>the type of assistance</u> that should necessitate his receipt and possession of such materials." (DE 640 at 5) (emphasis added). This inquiry, however, falls within the scope of the determination already made by the court of appeals that Tallini "may assist [defendant] in the prosecution of [his] appeal." (<u>Id.</u> Doc. 24 at 1). For example, if defendant argues in further proceedings that it is critical to prosecution of his appeal for Tallini to examine the presentence report and his sealed pro se correspondence in the record, then it appears to follow that this falls within the scope of something necessary for assisting defendant in the prosecution of appeal.

13

In sum, because this part of defendant's emergency motion and the motion for access directly impact the manner and procedures by which defendant will prosecute his appeal, they are again a "matters involved in the appeal." Doe, 749 F.3d at 258. Further, where defendant now has less than 60 days to decide on whether he will proceed pro se with Tallini's assistance or with counsel, further proceedings in the district court on this part of the motions may "alter[] the status of the case as it rests before the court of appeals." Id. (quotations omitted). Likewise, declining jurisdiction over this part of the motions "guards against the confusion and inefficiency that would result if two courts simultaneously were considering the same issues." Id. Therefore, the court dismisses for lack of jurisdiction this part of defendant's emergency motion and the motion for access.

4. Request to Allow Access for State Civil Litigation

In this part of the emergency motion, defendant seeks an order allowing Taylor access to defendant's materials so that he can assist defendant with a pending state civil case "involving Defendant's office landlord." (DE 639 at 6). Unlike the other parts of defendant's motions, this part of the motion does not risk directly interfering with the prosecution of the appeal. Therefore, the court exercises its jurisdiction to address the substance of the issue raised.

This court previously denied on December 16, 2019, a request by defendant to modify the protective order, in part, "to be able to use the materials in civil litigation he may bring (other than a collateral attack relating to this case." (DE 433 at 2). The court reasoned that "[i]n effect, [defendant] is attempting to circumvent any restrictions on discovery applicable in that litigation that could limit his access to or use of government discovery materials." (Id.). The court then "decline[d] to assist him in doing so." (Id.).

Defendant does not provide any reason, much less good cause, for reconsideration of the court's prior ruling declining to modify the protective order to allow access to defendant's materials in the civil case. Accordingly, the court adheres to its prior ruling. That part of the instant emergency motion seeking an order allowing Taylor to access defendant's materials to assist defendant with a civil matter pending in state court thus is denied.

**CONCLUSION**

Based on the foregoing, the emergency motion (DE 639) is ALLOWED IN PART, DENIED IN PART, and DISMISSED IN PART for lack of jurisdiction, as set forth in more detail herein. In particular, the court GRANTS the emergency motion in limited part, to supplement its September 8, 2020, order with the following provision: Taylor is ALLOWED to deliver defendant's materials to defendant by mail, or by any other means as directed by the Bureau of Prisons. Defendant's motion for access (DE 636) is DISMISSED for lack of jurisdiction. The clerk is DIRECTED to transmit a copy of this order by email to Taylor, and to also notify the clerk of the court of appeals of its entry.

SO ORDERED, this the 1st day of July, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge